DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Medina General Hospital ("Medina Hospital"), appeals from the order of the Medina County Court of Common Pleas compelling discovery. This Court reverses and remands for proceedings consistent with this opinion.
 I. {¶ 2} On August 10, 2006, Appellees Holly and Scott Mulkerin ("the Mulkerins") filed a medical malpractice complaint against Dr. Donald Cho ("Dr. Cho"), North Ohio Heart Center, and Medina Hospital. The complaint alleged that on March 8, 2005, Mrs. Mulkerin placed herself under the management, care *Page 2 
and treatment of Medina Hospital, where she was admitted to undergo a diagnostic cardiac catheterization due to a history of chest discomfort. As Dr. Cho characterized Mrs. Mulkerin as a low risk patient, her catheterization took place in Medina Hospital's Low Risk Adult Catheterization Laboratory, which opened in February of 2005. During the procedure, Mrs. Mulkerin suffered from a dissection to her left main coronary artery. Dr. Cho stopped the procedure and Mrs. Mulkerin was transported by helicopter to DMH Regional Medical Center in Elyria, Ohio, where she underwent emergency coronary artery by-pass surgery. In their complaint, the Mulkerins alleged that "[t]he delays by [Medina Hospital's] inability to treat Mrs. Mulkerin caused permanent and severe damage to her heart."
 {¶ 3} During discovery, the Mulkerins served interrogatories and a request for production of documents seeking information related to Medina Hospital's decision to establish the Low Risk Adult Catheterization Laboratory. Medina Hospital objected to these discovery requests, stating that the "information is immaterial and irrelevant and not calculated to lead to the discovery of admissible evidence. This interrogatory also requests information which is privileged and not subject to disclosure." The Mulkerins filed a motion to compel and Medina Hospital filed a brief in opposition, again asserting that the requested information was irrelevant, privileged, confidential and involved trade secrets. On January 3, 2007, the trial court granted the Mulkerins' motion to compel. It is from this order *Page 3 
that Medina Hospital filed this interlocutory appeal.[1] Medina Hospital asserts two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN COMPELLING THE DISCLOSURE OF INFORMATION ALLEGED TO BE CONFIDENTIAL, PRIVILEGED, AND INVOLVING TRADE SECRETS WITHOUT DETERMINING THE EFFICACY OF THE CLAIM[S] OF PRIVILEGE, CONFIDENTIALITY, AND/OR TRADE SECRETS."
 {¶ 4} In its first assignment of error, Medina Hospital contends that the trial court erred in compelling the disclosure of information alleged to be confidential, privileged and involving trade secrets without determining the efficacy of the claims of privilege, confidentiality, and/or trade secrets. We agree.
 {¶ 5} Medina Hospital specifically argues that once a trade secret objection was raised, the trial court had an obligation, before compelling disclosure, to determine whether the materials requested were privileged trade *Page 4 
secrets. Medina Hospital contends that to make this determination, the trial court is required to hold a hearing and conduct an in camera inspection of the information and documents. The Mulkerins state in response that Medina Hospital never filed a motion for a protective order, never submitted any documents for an in camera inspection, and never created and submitted a privilege log. The Mulkerins contend that "[a]ll that was before the court was the uncorroborated blanket assertion of privilege." The Mulkerins also claim that a hearing on this matter was held on December 14, 2006. We note that on November 28, 2006, the trial court set the motion for a hearing on December 21, 2006 either before a judge or a magistrate. Further, in its notice of appeal, Medina Hospital stated that it appealed from "the Order entered herein on January 3, 2007, granting the Motion to Compel of the Plaintiffs after a special proceeding and hearing conducted thereon on December 21, 2006." Finally, in response to the Mulkerins' allegation that a hearing was indeed held on this issue, Medina Hospital stated again that no hearing was held, but conceded that "an informal meeting with the Court's Magistrate was held to discuss the discovery issues." While it is true that there is no entry on the docket reflecting that a hearing occurred, Medina Hospital's own statements, along with the Mulkerins' contention, demonstrate that some type of hearing was held. See State v.Powers, 9th Dist. No. 23400, 2007-Ohio-2738, at ¶ 25. Therefore, we cannot agree with Medina Hospital's contention that the trial court erred in not holding a hearing. However, the Mulkerins note that Medina *Page 5 
Hospital did not file a motion for a Protective Order, or file the documents under seal for an in camera inspection in order to allow the trial court to further examine Medina Hospital's privilege claims. Although Medina Hospital has not presented us with a transcript of the hearing on the motion to compel, the parties are in agreement that the trial court did not make an in camera inspection of the requested materials. We find this to be in error. See Gibson-Myers, supra, at *2 (stating that upon remand, "the trial court should request that both parties brief the issue, hold an in camera inspection of the documents, create a record of such and the court's findings, and finally, determine whether the documents requested constitute trade secretes under Ohio law.").
 {¶ 6} In a factually similar scenario, the Second District Court of Appeals found that the trial court should conduct an in camera review of documents that are alleged to contain trade secrets. In GZK v. SchumakerLtd. Partnership, 168 Ohio App.3d 106, 2006-Ohio-3744, the appellant argued that the appellee had requested documents during discovery that contained trade secrets and appealed from the trial court's decision and entry ordering it to provide the documents pursuant to a subpoena. The Second District recognized that the burden to demonstrate that the requested information contains trade secrets is on the party asserting trade secret status. Id., at ¶ 34 citing State ex rel. the Plain Dealerv. Ohio Dept. of Ins. (1997), 80 Ohio St.3d 513, 525. However, the court found that a review of the procedural history in that case revealed that the appellant had no *Page 6 
reason to address the six factors necessary to assert trade secret status prior to the trial court's ruling. In GZK, the appellant refused to produce certain financial documents and objected, asserting that the requested documents were confidential trade secrets. The appellee filed a motion to compel and addressed the appellant's objections. However, the court found that the appellee did not dispute that the requested financial records were trade secrets, but instead argued that they were relevant and therefore discoverable. The court found that the appellee expressly assumed that the documents qualified as trade secrets and as such, the appellant had no reason to address the six trade secret factors, or to request an in camera review of the documents. The Second District reasoned that in light of the appellee's "presumption in its motion to compel that the financial documents were trade secrets, [the appellant] had no reason to anticipate that the trial court would rule otherwise." GZK, supra, at ¶ 39. Accordingly, the court concluded that the appellant did not waive its right to seek a hearing on the matter and an in camera review. We find this reasoning persuasive.
 {¶ 7} In the instant case, Medina Hospital objected to the Mulkerins' discovery requests, stating that the information was immaterial, irrelevant, and privileged. In its motion to compel, while noting that Medina Hospital's objection was based in part on privilege, the Mulkerins only argued that "[Medina Hospital's] business plan and the other related requested documents are relevant and material as [to] the capability of [Medina Hospital] to deal with emergency *Page 7 
events like the one it caused to Mrs. Mulkerin." While not expressly stating that the information sought constituted privileged information, we read the Mulkerins' failure to address the issue as an implicit assumption that the documents were privileged. Therefore, as the Second District explained in GZK, based on the Mulkerins' arguments in their motion to compel, Medina Hospital had no reason to request an in camera inspection of the requested documents as it had no reason to anticipate that the trial court would rule otherwise. GZK, supra, at ¶ 39. Accordingly, for the reasons discussed above, we find that the trial court erred in compelling the disclosure of the requested documents without first conducting an in camera review to determine if the information contained privileged trade secrets. Medina Hospital's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN COMPELLING DISCLOSURE OF INFORMATION AND DOCUMENTS WHICH HAVE NO RELEVANCE OR BEARING ON APPELLEE MULKERIN'S CLAIM FOR MEDICAL NEGLIGENCE."
 {¶ 8} In its second assignment of error, Medina Hospital contends that the trial court erred in compelling disclosure of information and documents which have no relevance or bearing on the Mulkerins' claim for medical negligence.
 {¶ 9} We have already determined that the trial court erred in failing to conduct an in camera review of the information and documents before compelling disclosure. We decline to address Medina Hospital's second assignment of error regarding relevancy. App.R. 12(A)(1)(c). *Page 8 
 III. {¶ 10} Medina Hospital's first assignment of error is sustained. We decline to address its second assignment of error. The order of the trial court is reversed and this action is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellees. *Page 9 
DICKINSON, J. CONCUR
SLABY, P. J. CONCURS IN JUDGMENT ONLY
[1] We have previously held that an order compelling disclosure of confidential information such as alleged trade secrets qualifies as a provisional remedy, and therefore is a final appealable order under R.C.2505.02(B)(4). Gibson-Myers Assoc., Inc. v. Pearce (Oct. 27, 1999), 9th Dist. No. 19358, at *2. However, as discovery issues generally are not ripe for interlocutory appeals, "we accordingly will limit our determinations to questions that can be adequately circumscribed for appellate review, without unduly fettering the trial court's ability to deal with future evolution of the case." Shaffer v. OhioHealthCorp, 10th Dist. No. 03AP-102, 2004-Ohio-63, at ¶ 6. Therefore, we limit our discussion to Medina Hospital's claim that the compelled information involved trade secrets. *Page 1