SOUTHSIDE COMMUNITY DEVELOPMENT CORPORATION, APPELLEE, *v.* LEVIN, TAX COMMR., ET AL., APPELLEES; MAHONING COUNTY, APPELLANT.

[Cite as *Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665.]

(No. 2007–1722—Submitted November 28, 2007—Decided December 19, 2007.)

{¶ 1} This cause is pending before the court as an interlocutory appeal from the Board of Tax Appeals ("BTA"). Appellant, Mahoning County, has filed a notice of appeal from an order of the BTA dated August 24, 2007, that denied the county's motion to intervene. The Tax Commissioner has moved to dismiss the appeal for lack of jurisdiction.

{¶ 2} The underlying facts are crucial in determining the jurisdictional issue presented in this case. Mahoning County is the current owner of real property that is the subject of an application for a tax exemption. The application was filed on December 28, 2004, by Southside Community Development Corporation, which then held legal title to the property. Afterwards, when Southside filed a petition for bankruptcy, legal title to the property passed to a bankruptcy trustee. The Tax Commissioner issued a final determination denying the application for

exemption on April 7, 2006, and the bankruptcy trustee timely appealed to the BTA.

{¶ 3} On July 27, 2006, Mahoning County acquired the property from the bankruptcy trustee, and on June 21, 2007, it filed a motion to intervene in the BTA appeal, seeking to be named as a party based on its status as the current owner of the property. The BTA denied the motion to intervene, and the county has appealed that order to this court.

{¶ 4} The Tax Commissioner's motion to dismiss asserts two grounds for dismissal. First, the commissioner contends that the order denying intervention constitutes an interim order under the BTA's rules and that as such, the order does not possess the degree of finality necessary to permit an appeal. Second, the commissioner argues that the county has no standing as an appellant in this court, because it is not listed in the third paragraph of R.C. 5717.04 as a person having the right to appeal.

{¶ 5} The Tax Commissioner's first argument invokes the general concern that only final orders may be appealed. R.C. 2505.02. This limitation applies generally to appeals from decisions rendered by administrative bodies. R.C. 2505.03(A). But in the context of administrative appeals, more specific sections of the Revised Code may apply, and if they do, R.C. Chapter 2505 is superseded by those sections. R.C. 2505.03(B). In the present case, R.C. 5717.04 provides for appeals from BTA decisions but does not specifically address the nature of decisions that may be appealed. The second and third paragraphs of that section do acknowledge the requirement of finality by referring to appeals from BTA decisions that "determin[e] appeals" pending before the BTA, but those paragraphs do not actually create a right of appeal, nor does R.C. 5717.04 in any specific way address the issue of finality. Accordingly, R.C. 2505.02(B)(2) applies, and that provision deems to be "final" an "order that affects a substantial right made in a special proceeding."

{¶ 6} We have held that denials of intervention in special proceedings may be immediately appealed when a decision in the pending matter "would have a considerable effect on the property rights" of the proposed intervenors. *Morris v. Investment Life Ins. Co.* (1966), 6 Ohio St.2d 185, 187, 35 O.O.2d 304, 217 N.E.2d 202. We hold that *Morris* applies to the situation presented in this case. The county holds legal title to real property that is subject to tax liens for past tax years; absent payment of taxes for prior years, foreclosure of the liens could lead to divestiture of title to the property. That interest plainly qualifies as "substantial" because it implicates "a right" that the "common law * * * entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶ 7} Moreover, the BTA's order denying the county's motion to intervene "affects a substantial right" because it qualifies as an order that "if not immedi-

ately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, modified on other grounds by *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331. In this case, the county as owner of the property cannot vindicate its interests if it cannot participate in the proceedings before the BTA; a later appeal could protect those interests only by ordering a complete retrial of the case.

{¶ 8} Our recent decision in *Gehm v. Timberline Post & Frame,* 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, does not require a contrary conclusion. In *Gehm,* we specifically noted that denial of a motion to intervene is not final and appealable "when the purpose for which intervention was sought may be litigated in another action." *Gehm,* ¶ 37. By contrast, in this case the pending application for exemption constitutes the sole means provided by statute for securing the right to exempt status in prior tax years. Even if Mahoning County could file an application and qualify for exemption for tax year 2007, it could not obtain remission of taxes owed for prior years when it was not the owner of the property. See R.C. 5713.08(B) (no remission of taxes for prior years if such taxes became a lien on the property "prior to the date of acquisition of title to the property by the applicant").

{¶ 9} The foregoing analysis does not prejudge the merits of Mahoning County's intervention. We are concerned here only with whether the county may obtain review of the denial of that intervention through the present appeal. We hold that under the circumstances presented in this case, the BTA's denial of intervention constituted a final order because it affected a substantial right and because it was made in a special proceeding.

{¶ 10} The Tax Commissioner's second argument is not persuasive. The third paragraph of R.C. 5717.04 specifies who may appeal a BTA decision, and included among such persons are "parties to the appeal" before the BTA. Since the BTA decided to deny intervention, the Tax Commissioner argues that the county is not in fact a party. But that argument misses the point.

{¶ 11} The essence of the motion to intervene lies in the county's contention that it has a right to be a party, and the county argues that the BTA committed a legal error by not recognizing that right. We hold that a person's assertion that it has a legal right to be a party to the BTA appeal makes it a "party" under the third paragraph of R.C. 5717.04 for one limited purpose: to seek the court's determination of whether the asserted right exists.

{¶ 12} The motion to dismiss is denied.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., dissents.

Harrington, Hoppe & Mitchell, Ltd., and Carmen V. Codjoe; and Paul J. Gains, Mahoning County Prosecuting Attorney, and Linnette M. Stratford, Assistant Prosecuting Attorney, for appellant.

Marc Dann, Attorney General, and Janyce C. Katz, Assistant Attorney General, for appellee Tax Commissioner.