1210

CLEVELAND CLINIC FOUNDATION ET AL., APPELLANTS,
*v.* LEVIN, TAX COMMR., ET AL., APPELLEES.

[Cite as *Cleveland Clinic Found. v. Levin,*
120 Ohio St.3d 1210, 2008-Ohio-6197.]

(No. 2008–0411—Submitted September 30, 2008—Decided December 4, 2008.)

{¶ 1} This cause is pending before the court as an interlocutory appeal from the Board of Tax Appeals ("BTA"). Appellants Cleveland Clinic Foundation and Fairview Hospital (together, "CCF") have filed a notice of appeal from an interim order of the BTA dated January 25, 2008. That order denied a portion of CCF's motion for protective order. Specifically, although the BTA adopted a stipulated confidentiality order between the parties, the BTA declined to rule on the trade-secret status of particular documents. CCF asserts that unless the BTA issues a prehearing ruling that confers trade-secret protection on particular documents, its confidentiality rights may suffer irretrievable loss. The Tax Commissioner has moved to dismiss the appeal for lack of jurisdiction, claiming that the interlocutory order is not final and appealable.

{¶ 2} This case involves a claim of tax exemption for real property based on alleged charitable use of the property. R.C. 5709.12(B) and 5709.121. CCF applied to exempt three healthcare facilities. For its Taussig Cancer Center and Fairview Hospital, CCF sought exemption for the 2002 tax year along with remission of taxes for 2001, 1999, and 1998. For the Beachwood Family Health and Surgery Center, CCF sought exemption for the 2004 tax year along with remission of taxes for 2003, 2002, and 2001. The Tax Commissioner granted exemption to the Taussig Center and Fairview Hospital, but denied exemption to the Beachwood facility. The Cleveland Municipal School District Board of Education ("Cleveland BOE") appealed the exemptions that the commissioner had granted, and CCF appealed the denied application. The Cleveland BOE and the Beachwood City School District Board of Education (together, the "school boards") pursued extensive written discovery at the BTA.

{¶ 3} At issue are interrogatories and document requests served by the school boards that, as the BTA stated, "relat[e] to, inter alia, CCF's physician and executive compensation, joint ventures, spin-offs, conflicts of interest, pricing and debt collection, and marketing" during the period for which exemption is claimed. *Cleveland Clinic Found. v. Levin* (Jan. 25, 2008), BTA Nos. 2005–V–1726, 2006–V–99, and 2006–H–117, at 3–4. CCF has claimed that a number of such documents contain or constitute trade secrets protected from disclosure by R.C. 1333.61 et seq.

{¶ 4} In the January 25, 2008 interim order, the BTA ruled on a motion to compel and a motion for protective order. Having previously held a hearing that concerned the confidential status of categories of documents, the BTA ordered CCF to produce a large number of the requested documents. To protect confidentiality during discovery, the BTA adopted and reinforced a stipulated confidentiality order to which the school boards and CCF had agreed. The BTA also limited the Tax Commissioner's access to the documents to the extent that he would decline to sign the stipulated confidentiality order. CCF contests the BTA's refusal to make a definitive determination that certain documents are confidential and to order that such documents should be produced under seal.

{¶ 5} Although the parties analyze the order's finality and appealability under R.C. 2505.02(B)(4), we have held that the appealability of an interim order of the BTA should be analyzed under R.C. 2505.02(B)(2). *Southside Community Dev. Corp. v. Levin,* 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 5. As we stated in *Southside,* quoting R.C. 2505.02(B)(2), an interim order of the BTA is final and appealable if it is an " 'order that affects a substantial right.' "[1] Id.

{¶ 6} Furthermore, an order qualifies as one that "affects a substantial right" if it satisfies a two-pronged test. First, the order must implicate "a right" that "a statute [or other law] * * * entitles a person to enforce or protect." R.C. 2505.02(A)(1). Because the Revised Code at Sections 1333.61 et seq. defines and provides remedies for protecting trade secrets, the BTA order satisfies the first prong of the test.

{¶ 7} More difficult is the analysis under the second prong. An interim order of the BTA qualifies as one that affects a substantial right only when it is an order that " 'if not immediately appealable, would foreclose appropriate relief in the future.' " *Southside,* 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 7, quoting *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181.

---

1. R.C. 2505.02(B)(4) refers on its face to a "provisional remedy" in an "action," rather than orders issued in a "special proceeding." Because of our disposition of the question of appealability under R.C. 2505.02(B)(2), we need not reach the issue of whether R.C. 2505.02(B)(4) applies.

{¶ 8} CCF asserts two reasons that the January 25, 2008 order in this case might expose its trade secrets to irretrievable loss. We reject the first but accept the second.

{¶ 9} First, CCF fears a loss of confidentiality during the discovery process. To be sure, the BTA adopted and reinforced the stipulated confidentiality order of the parties, and that order furnishes various protections that even CCF might regard as sufficient in a case involving only private litigants. The source of CCF's concern lies in the nature of the school boards as "public offices." Because the school boards are subject to the Public Records Act, R.C. 149.43, CCF fears that they might disclose—or be compelled to disclose—the documents obtained through discovery in response to a public-records request.

{¶ 10} We hold that with respect to the protection of documents during the discovery process, the January 25, 2008 interim order is not final and appealable pursuant to R.C. 2505.02(B)(2). That is so because, as all parties have opined, documents that a public office obtains through civil discovery as a litigant do not constitute "public records," at least not during the discovery process. In making this determination, we assume without deciding that such documents would constitute "records" as defined at R.C. 149.011(G). Given that assumption, documents that a public office obtains as a litigant through discovery will ordinarily qualify as "trial preparation records" pursuant to R.C. 149.43(A)(1)(g) throughout the discovery phase of the litigation. Accord *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 431–432, 639 N.E.2d 83 (prosecutor's file that contained "material compiled in anticipation of a specific criminal proceeding or the personal trial preparation of the prosecutor" constituted "trial preparation records").

{¶ 11} It follows that because those documents are exempt from public-records disclosure during discovery, the public-office litigant is no less bound by the terms of the stipulated confidentiality order than a private litigant would be. Because the BTA adopted the stipulated order that the parties drafted and agreed to, it has afforded a great measure of protection to CCF's alleged confidentiality rights during the discovery process. As a result, the discovery process presents no threat of a loss of confidentiality that is grave enough to justify an immediate appeal from the January 25, 2008 order under R.C. 2505.02(B)(2).

{¶ 12} As a second ground for immediate appeal, CCF states that if discovered documents are introduced as evidence at the BTA hearing, it would have "no remedy," because CCF "cannot adjourn the hearing to appeal the BTA's ruling or otherwise shield the documents until an appeal can be taken." Under this scenario, CCF could ask that documents be sealed if they are offered into

evidence, but if the BTA refuses, those documents would become public records in the hands of the BTA.

{¶ 13} We agree that this scenario creates the possibility that confidentiality may be irretrievably lost at the BTA hearing. As a result, the January 25, 2008 interim order, to the extent that it raises such a possibility, constitutes a final and appealable order pursuant to R.C. 2505.02(B)(2).[2] We therefore accept jurisdiction over this appeal and deny the motion to dismiss.

{¶ 14} We also find it appropriate to decide CCF's appeal on its merits without further briefing and argument. Our review of the record and the case law persuades us that under the particular circumstances presented, the BTA has erred by not proceeding with a determination of the trade-secret status of particular documents. CCF has strenuously and consistently sought this remedy, and the BTA held a hearing at which CCF presented evidence on the trade-secret status of particular categories of documents. In the January 25, 2008 order, the BTA acknowledged that "CCF has demonstrated that portions of the requested material may qualify as confidential commercial information * * *." *Cleveland Clinic Found. v. Levin,* BTA Nos. 2005–V–1726, 2006–V–99, and 2006–H–117, at 8. Yet the BTA persisted in declaring itself "unwilling to go so far as to seal those documents as trade secrets." Id. at 11.

{¶ 15} Under similar circumstances, two appellate courts have ordered trial courts that they must proceed to rule on the confidential status of documents. See *Mulkerin v. Cho,* Medina App. No. 07CA007–M, 2007-Ohio-6550, 2007 WL 4292756, ¶ 3, 5, 7; *GZK, Inc. v. Schumaker Ltd. Partnership,* 168 Ohio App.3d 106, 2006-Ohio-3744, 858 N.E.2d 867, ¶ 34. Applying the reasoning of these appellate courts, we hold that the BTA has a legal obligation to determine the confidential status of particular documents and to provide appropriate relief, such as sealing the documents, if it finds that the documents qualify as confidential trade secrets. In making that determination, the BTA should consider all the arguments raised, including the question whether CCF, by pursuing its exemption applications, has waived trade-secret protection as to the documents that must be produced in these proceedings. See R.C. 5715.27(G); *State ex rel. Allright Parking, Inc. v. Cleveland* (1992), 63 Ohio St.3d 772, 776, 591 N.E.2d 708.

{¶ 16} The motion to dismiss is denied. The January 25, 2008 interim order of the BTA is vacated to the extent that the BTA declined to determine the trade-secret status of particular documents, but it otherwise remains in force. We

---

2. We reject the Tax Commissioner's contention that CCF should have appealed the April 6, 2007 interim order and that, therefore, this appeal is untimely. Such an appeal would have been premature, because the earlier order preserved the possibility that the BTA might require trade secrets to be produced under seal. See Civ.R. 26(C)(7) (protective order may require that trade-secret information "be disclosed only in a designated way").

remand to the BTA for further proceedings, with instructions to (1) determine the trade-secret status of particular documents, (2) determine whether CCF's pursuit of the exemption applications constitutes a waiver of its trade-secret rights in these proceedings, and (3) afford adequate protection such as the sealing of particular documents, to the extent that trade-secret status has been properly established and has not been waived.

Motion to dismiss denied,
order vacated in part,
and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Jones Day, Stephen G. Sozio, Tracy K. Stratford, Robert J. Colacarro, and Chad A. Readler, for appellants.

Nancy Hardin Rogers, Attorney General, and Lawrence D. Pratt and Alan P. Schwepe, Assistant Attorneys General, for appellee Tax Commissioner.

Brindza, McIntyre & Seed, L.L.P., David H. Seed, and Daniel McIntyre, for appellees Cleveland Municipal School District Board of Education and Beachwood City School District Board of Education.