[Cite as *State v. McLaughlin*, 2011-Ohio-4070.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| DOUGLAS S. SMITH | C.A. No. 25507 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| | COURT OF COMMON PLEAS |
| SOMIER L. McLAUGHLIN | COUNTY OF SUMMIT, OHIO |
| | CASE No. 2001-05-01898 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: August 17, 2011

CARR, Judge.

{¶1} Appellant, Somier McLaughlin, appeals the order of the Summit County Court of Common Pleas, Domestic Relations Division, that modified the payee for purposes of child support. This Court dismisses the appeal because the order from which Ms. McLaughlin has appealed is not final and appealable.

{¶2} Ms. McLaughlin and appellee, Douglas Smith, are divorced. In 2007, Mr. Smith moved to modify the parties' parental rights, and Ms. McLaughlin moved to modify Mr. Smith's child support obligation. The trial court modified Mr. Smith's parenting time and, based on its conclusion that one of the parties' children did not live with Ms. McLaughlin, terminated child support with respect to that child. This Court reversed with regard to the child support, noting that Ms. McLaughlin remained the child's residential parent and concluding that the child support obligation did not depend on where the child lived. *Smith v. McLaughlin*, 9th Dist. No. 24890, 2010-Ohio-2739, at ¶29. Specifically, we concluded that "[a]ssuming the trial court

correctly found that J.B.S. is living with his maternal grandparents rather than his mother, the trial court erred by holding that, for that reason, J.B.S. is not entitled to the financial support of his father." Id. at ¶65. We also emphasized that "[t]he only issue before this Court in regard to the termination of child support is whether Mr. Smith's support obligation depends on whether J.B.S. is living with his mother or her parents." Id. at ¶29. Having reversed solely on that issue, we remanded the matter "for proceedings consistent with [the] opinion." Id. at ¶66.

{¶3} On June 28, 2010, Ms. McLaughlin filed a motion for reconsideration of our decision under App.R. 26(A). On the same date, she also moved the trial court to modify Mr. Smith's child support obligation with respect to J.B.S. "pursuant to *** the remand and mandate from the Ninth District Court of Appeals." The trial court reinstated Mr. Smith's child support obligation "retroactive to the date it was terminated[,]" but also concluded that Mr. Smith should pay the support to the maternal grandparents for any period of time when J.B.S. resided with them. Ms. McLaughlin appealed.

## ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY ISSUING ITS JULY 9, 2010, JUDGMENT ENTRY IN REGARD TO CHILD SUPPORT FOR THE PARTIES' MINOR CHILD; AND ITS DECISION IS CONTRARY TO OHIO LAW."

## ASSIGNMENT OF ERROR II

"THE TRIAL COUT ERRED AND/OR ABUSED ITS DISCRETION BY ORDERING CHILD SUPPORT TO BE PAID TO THE GRANDPARENTS WHERE THE GRANDPARENTS DO NOT HAVE LEGAL CUSTODY OF THE CHILD; AND APPELLANT IS THE RESIDENTIAL PARENT AND LEGAL CUSTODIAN OF THE CHILD."

## ASSIGNMENT OF ERROR III

"THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION AS ITS JULY 9, 2010, JUDGMENT ENTRY FAILS TO COMPLY WITH *MARKER V. GRIMM* AND BY FAILING TO PROPERLY DETERMINE A CHILD

SUPPORT ORDER FOR THE PARTIES' MINOR CHILD AND/OR ATTACH REVISED CHILD SUPPORT GUIDELINES TO ITS JUDGMENT ENTRY."

**{¶4}** Ms. McLaughlin's assignments of error are that the trial court erred by reinstating Mr. Smith's child support obligation, but ordering it to be paid to a third party.

**{¶5}** We are obligated to raise sua sponte questions related to our jurisdiction. *Whitaker–Merrell Co. v. Geupel Constr. Co., Inc.* (1972), 29 Ohio St.2d 184, 186. This Court has jurisdiction to review judgments, decrees, and final orders. See R.C. 2505.03. We have concluded that a judgment must inform the parties of the relief awarded in a way that is definite and unambiguous and "should contain all the information necessary to understand its effect." *Landis v. Associated Materials, Inc.*, 9th Dist. No. 06CA0005, 2006-Ohio-5060, at ¶10. When a purported judgment uses confusing or ambiguous language or fails by virtue of being indefinite to speak to a disputed matter, this Court does not have jurisdiction, and an appeal from the judgment must be dismissed. See id.

**{¶6}** In this case, the trial court's order states:

"[C]hild support for [J.B.S.] is reinstated retroactive to the date it was terminated by this Court. However, inasmuch as child support is for the benefit of the child, [who] is entitled to financial support from both of his parents, the child support should be paid to the parent or person who is providing care and shelter for the child.

"* * *

"Accordingly, the reinstated child support obligation of Father shall be paid to the grandparents with whom [J.B.S.] resided for those periods of time that he did not reside with the Mother."

The order is indefinite in several ways, most notably because it does not identify the party to whom the support should be paid, the means by which payment is to be made, or the periods of time for which payment should be made to Ms. McLaughlin versus J.B.S.'s grandparents. It therefore fails to sufficiently inform the parties of their rights and obligations.

**{¶7}** We also conclude that the order is not final and appealable under R.C. 2505.02(B)(2) as an order "that affects a substantial right made in a special proceeding." Divorce is a special proceeding under R.C. 2505.02(A)(2). *State ex rel. Papp v. James* (1994). 69 Ohio St.3d 373, 378. Nonetheless, an order "affects a substantial right" only if appropriate relief would be foreclosed in the future without an immediate appeal. *Southside Community Develop. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665. Once the trial court unambiguously determines the rights and obligations of the parties with respect to child support, Ms. McLaughlin will have an effective remedy by appealing that judgment.

**{¶8}** The trial court's order neither unambiguously determines the rights and obligations of the parties nor "affects a substantial right" under R.C. 2505.02. As a result, the order is not final and appealable, and the appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
DICKINSON, J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

JOSEPH G. STAFFORD and GREGORY J.MOORE, Attorneys at Law, for Appellant.

DOUGLAS SMITH, pro se, Appellee.