[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Megaland GP, L.L.C. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2015-Ohio-4918.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4918

MEGALAND GP, L.L.C., APPELLEE, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL.; COLUMBUS CITY SCHOOLS BOARD OF EDUCATION, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Megaland GP, L.L.C. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2015-Ohio-4918.]

*Board of Tax Appeals—Procedure—Small-claims docket—A "party that is a taxpayer" for purposes of R.C. 5703.021 means one whose standing as a party to the case before the BTA is predicated on the ownership of taxable property in the county under R.C. 5715.19(A)(1).*

(No. 2014-1977—Submitted June 9, 2015—Decided December 3, 2015.)

APPEAL from the Board of Tax Appeals, No. 2014-3677.

_____

**Per Curiam.**

{¶ 1} This case comes before us on an appeal filed by the Columbus City Schools Board of Education from an interim order of the Board of Tax Appeals ("BTA"), denying the school board's motion to return this case back to the BTA's

regular docket from its small-claims docket. *See* R.C. 5703.021(D). The school board seeks a reversal of that order.

**{¶ 2}** We must first decide whether we have jurisdiction over this appeal; if we do, we must then decide whether the BTA erred in denying the school board's motion to have the case returned to the BTA's regular docket.

**{¶ 3}** We answer the first question in the affirmative and the second in the negative. We therefore exercise jurisdiction to review the interim order, and we affirm the BTA's denial of the school board's motion. We also remand for further proceedings.

### BACKGROUND: THE BTA'S SMALL-CLAIMS DOCKET

**{¶ 4}** In 2013, the General Assembly passed Sub.H.B. No. 138, intended as a BTA reform bill. 2013 Ohio Laws File 37. One part of that act created a "small claims docket" at the BTA. *See* R.C. 5703.021.

**{¶ 5}** The two key distinctions between small-claims cases and those on the regular docket are that (1) small-claims cases have less formal (and presumably less expensive) hearings and (2) the BTA's decisions in small-claims cases are not appealable. R.C. 5703.021(E) and (F). The school board states that the latter provision is the reason it is pursuing an appeal from the BTA's interim order here: if it does not succeed in removing the case from the small-claims docket, the BTA's ultimate disposition cannot be appealed.

**{¶ 6}** Under R.C. 5703.021(B), the small-claims docket is available for the following types of cases:

- Appeals to the BTA from the boards of revision in which the property at issue qualifies for the 10 percent tax reduction (sometimes called "rollback") set forth in R.C. 319.302, i.e., the property is used as one-, two-, or three-family residential real estate or for farming. It is this provision that justified referral to the small-claims docket in this case.

2

- Appeals from determinations of the tax commissioner or of municipal-income-tax review boards in which the amount of tax in controversy does not exceed $10,000.

{¶ 7} Procedurally, an appeal to the BTA is assigned to the small-claims docket in one of two instances:

- If "the appellant is one or more taxpayers that requests assignment of the appeal to the small claims docket," R.C. 5703.021(C)(1)(a), which is the situation in this case.

- If "the appellant is not a taxpayer, and the appellant files with the notice of appeal a written statement from every taxpayer that is a party to the appeal stating that each such taxpayer consents to the appeal being assigned to the small claims docket," R.C. 5703.021(C)(1)(b).

{¶ 8} R.C. 5703.021(D) requires the BTA to return small-claims-docket cases to the regular docket under three circumstances:[1]

- Upon the request of a party that is a taxpayer,

- When the appeal presents an issue of public or great general interest or presents a constitutional issue, or

- When the BTA determines that the appeal does not meet the requirements for assigning the case to the small-claims docket under R.C. 5703.021(B).

The school board's motion was predicated solely on the first reason.

---

[1] On December 5, 2014, the school board filed an appeal from a similar BTA order in *Sarsol, L.L.C. v. Franklin Cty. Bd. of Revision*, case No. 2014-2090. We dismissed that case for failure to prosecute when the school board failed to file a brief. 141 Ohio St.3d 1482, 2015-Ohio-722, 26 N.E.3d 819. In *Sarsol*, the BTA interpreted R.C. 5703.021(D) to require that the school board *both* be a "taxpayer" *and* "also allege that 'the appeal presents an issue of public or great general interest or presents a constitutional issue' or request that the board determine that the appeal does not qualify for the small claims docket." BTA No. 2014-3657, 2014 Ohio Tax LEXIS 5412, 1-2 (Dec. 2, 2014). The school board treats that holding as being at issue here and argues that it is wrong. But a review of the record indicates that the conjunctive reading that the BTA gave the statute in *Sarsol* is not at issue here. Accordingly, we decline to address the point.

**PROCEDURAL HISTORY**

**{¶ 9}** Megaland GP, L.L.C., holds title to a parcel of residential real estate and filed a complaint in March 2013 challenging the auditor's valuation of the property at issue for tax year 2012. The school board filed a countercomplaint seeking retention of the auditor's valuation.

**{¶ 10}** After holding a hearing, the Franklin County Board of Revision ("BOR") dismissed the complaint under R.C. 5715.19(A)(2) because it was the second-filed complaint by Megaland within a triennial "interim period." Although the owner had indicated that "the property lost value due to a casualty" on the complaint form as a reason justifying the second filing, *see* R.C. 5715.19(A)(2)(b), the BOR apparently concluded that the basis for the complaint was an ongoing condition, not an event that occurred that would justify a new complaint for tax year 2012.

**{¶ 11}** Megaland appealed to the BTA from the dismissal order. On the prescribed form of the notice of appeal, Megaland marked "yes" in response to a question asking whether the case should be referred to the small-claims docket. Pursuant to the BTA's rules, the case was placed on the small-claims docket. *See* Ohio Adm.Code 5717-1-07.

**{¶ 12}** On or about October 8, 2014, the school board filed a motion to return the case to the regular docket, stating two grounds for doing so. First, the school board claimed that because the BOR order appealed from was a dismissal rather than a determination of value, the case did not qualify for the small-claims docket. Second, the school board claimed that it was a taxpayer and invoked the right under R.C. 5703.021(D) of "a party that is a taxpayer" to demand that the case be returned to the regular docket.

**{¶ 13}** On October 16, 2014, the BTA examiner issued an order denying the motion. It states,

4

> The board of education * * * has not alleged that the appeal "presents an issue of public or great general interest or presents a constitutional issue" and its contention that the appeal does not meet the requirements of R.C. 5703.021(B) are [sic] not well taken. Accordingly, the BOE's motion is overruled and the small claims telephonic hearing shall proceed as currently scheduled.

BTA No. 2014-3677, 2014 Ohio Tax LEXIS 4753, 1 (Oct. 16, 2014). The school board has appealed from the denial of its motion.

### THE ORDER APPEALED FROM IS A FINAL, APPEALABLE ORDER

{¶ 14} Because we have before us an interim order rather than a decision disposing of all claims as to all parties, we issued an order requiring the school board to show cause why the appeal should not be dismissed for lack of a final, appealable order. The school board responded to the show-cause order on April 29, 2015.

{¶ 15} In its response, the school board cited R.C. 2505.02(B)(2) and our decision in *Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048.

{¶ 16} In *Southside Community Dev. Corp.*, we decided that appeals from BTA decisions are subject to analysis under the "final order" provision, R.C. 2505.02(B). *Id.* at ¶ 5. Specifically, BTA appeals constitute "special proceedings" under R.C. 2505.02(B), and if a BTA interim order "affect[s] a substantial right," it may be immediately appealed to this court. *Id.* at ¶ 6-7. A "substantial right" is a "right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). We have held that the right of a board of education to participate in real-property-valuation proceedings constitutes a substantial right for purposes of R.C. 2505.02. *See MB West Chester, L.L.C. v.*

*Butler Cty. Bd. of Revision*, 126 Ohio St.3d 430, 2010-Ohio-3781, 934 N.E.2d 928, ¶ 14.

{¶ 17} There are two prongs of the test for determining whether a BTA interim order meets the appealability standard: the existence and substantiality of the right, and the efficacy of a later appeal. *See Cleveland Clinic Found. v. Levin*, 120 Ohio St.3d 1210, 2008-Ohio-6197, 898 N.E.2d 589, ¶ 6-7. The first prong is resolved by *MB West Chester*. Just as the board of education in that case had a "substantial right" to notification and participation in the taxpayer's appeal there, so too does the school board in this case have a substantial right to participate in Megaland's BTA appeal by virtue of its status as countercomplainant below.

{¶ 18} As for the second prong, there can be no question that the school board's position cannot be vindicated on a later appeal, because the BTA's retention of the case on the small-claims docket effectively forecloses any appeal from the ultimate BTA decision, under R.C. 5703.021(F).

{¶ 19} We conclude that we have jurisdiction to consider the claim of error that the school board raises in this appeal. Before doing so, we note that usually, parties are afforded the opportunity for oral argument in appeals from the BTA. S.Ct.Prac.R. 17.01(B), 17.07. However, in interlocutory appeals such as this, we have expedited our decision in order to avoid undue delay in the prosecution of the case below. *See Cleveland Clinic Found.* at ¶ 14. Here, the briefing is complete and we proceed to decide the merits without oral argument.[2]

---

[2] We also note that Megaland's brief was submitted and signed by Normann Rafizadeh, who is not an attorney licensed to practice law in the state of Ohio. With certain exceptions not applicable here, a non-attorney who prepares legal papers to be filed in court on behalf of a corporate entity such as a limited liability company engages in the unauthorized practice of law. *Disciplinary Counsel v. Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, 843 N.E.2d 169, ¶ 14-15. Accordingly, we sua sponte strike Megaland's brief from the record and admonish Mr. Rafizadeh to desist from any further unauthorized practice of law.

**THE SCHOOL BOARD'S MOTION WAS PROPERLY DENIED BECAUSE ITS STANDING AS A PARTY DID NOT DEPEND UPON ITS OWNING TAXABLE PROPERTY**

{¶ 20} R.C. 5703.021(D) provides,

> Notwithstanding division (B) of this section, the board shall reassign an appeal initially assigned to the small claims docket to the regular docket upon the request of *a party that is a taxpayer*, when the appeal presents an issue of public or great general interest or presents a constitutional issue, or when the board determines that the appeal does not meet the requirements of division (B) of this section.

(Emphasis added).

{¶ 21} The school board claims that it is "a taxpayer" under this provision. The school board did indeed own taxable property in Franklin County during the time period at issue. The question here is one of statutory construction: Does the school board qualify as "a party that is a taxpayer" for purposes of returning the case to the regular docket?

{¶ 22} We hold that "a party that is a taxpayer" under R.C. 5703.021(D) means one whose standing as a party to the case before the BTA is predicated on the ownership of taxable property in the county under R.C. 5715.19(A)(1). Because the school board's status as a party to these proceedings depends solely upon its having filed a countercomplaint before the BOR in its capacity as an affected board of education pursuant to R.C. 5715.19(B), the school board does not come within the intended meaning of "taxpayer" for purposes of R.C. 5703.021.

{¶ 23} Indeed, there can be little doubt that by authorizing "taxpayers" to obtain both referral of the case to the small-claims docket under R.C. 5703.021(C)

and removal of the case back to the regular docket under subsection (D), the legislature intended to withhold the privileges provided under the statute from those parties whose standing is predicated on their status as public officials or boards. Otherwise, almost any party would be accorded those privileges, and the whole point of making them hinge on taxpayer status would be lost.

{¶ 24} We also note that R.C. 5703.021(C)(2) permits referral to the small-claims docket by a nontaxpayer if that party presents a written agreement of all the taxpayers supporting the referral. Under the school board's reading of the statute, if the county auditor or the board of revision as a party to the BTA appeal desired to refer the case to the small-claims docket, the auditor or the board of revision would have to ascertain whether the board of education in the case happened to own taxable property in order to determine whether the board of education's consent to the referral was needed.

{¶ 25} We reject the school board's reading and conclude that the legislature intended the parties to be able to ascertain "taxpayer" status under R.C. 5703.021 by reviewing the record in the case as to the standing of each party and that it did not intend to require an additional inquiry into whether a governmental board happened to own taxable property in the county.

{¶ 26} It is important to state here what we are not holding. We do not hold that a board of education can never qualify as "a party that is a taxpayer" under R.C. 5703.021(D). Under R.C. 5715.19(A)(1), a board of education that owned taxable property in the same county as the property at issue could theoretically file a valuation complaint in its capacity as property owner; if it did so, it could qualify as a "taxpayer" under R.C. 5703.021. That issue is not presented here, and we do not decide it; we note only that our holding in this case does not extend to that situation.

{¶ 27} In the present case, the school board is a party only by virtue of its countercomplaint. Its standing to have filed the countercomplaint under R.C.

8

5715.19(B) depended on its being a board of education; its status as a property owner was completely irrelevant. Under these circumstances, we hold that the school board could not invoke its status as an owner of taxable property for purposes of qualifying as a "party that is a taxpayer" under R.C. 5703.021. The BTA therefore acted reasonably and lawfully in denying its motion.

## CONCLUSION

{¶ 28} For the foregoing reasons, we exercise jurisdiction in this appeal, and we affirm the BTA's order denying the school board's motion to return the case from the small-claims docket to the regular BTA docket. We also remand to the BTA for further proceedings.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER and O'NEILL, JJ., concur.

O'DONNELL, J., concurs in judgment only.

LANZINGER, KENNEDY, and FRENCH, JJ., dissent.

————————————

**FRENCH, J., dissenting.**

{¶ 29} I respectfully dissent from the judgment affirming the interim order of the Board of Tax Appeals ("BTA"), which denied the Columbus City Schools Board of Education's motion to return this case from the BTA's small-claims docket to its regular docket. In my view, R.C. 5703.021(D) unambiguously requires the BTA to grant the school board's motion. I would therefore reverse the interim order and remand this case for further proceedings on the BTA's regular docket.

{¶ 30} The question here is whether the school board is "a party that is a taxpayer" under R.C. 5703.021(D), which requires the BTA to reassign an appeal initially assigned to the small-claims docket to the BTA's regular docket "upon the request of a party that is a taxpayer." If the school board is "a party that is a taxpayer," the BTA was obligated to return this appeal to its regular docket.

**{¶ 31}** Property owner Megaland GP, L.L.C., appealed to the BTA after the Franklin County Board of Revision dismissed Megaland's valuation complaint. Upon Megaland's request, the BTA assigned the appeal to its small-claims docket pursuant to R.C. 5703.021(C). The school board, a counterclaimant, filed a motion to return the appeal to the BTA's regular docket, arguing that the appeal did not qualify for the small-claims docket and that regardless, it had a right as a party-taxpayer to demand that the case be returned to the regular docket pursuant to R.C. 5703.021(D). Without addressing the school board's status as a party-taxpayer, the BTA denied the school board's motion upon its determination that the appeal met the statutory requirements for the small-claims docket. BTA No. 2014-3677, 2014 Ohio Tax LEXIS 4753 (Oct. 16, 2014). The majority opinion affirms based on its conclusion that the school board is not "a party that is a taxpayer" under R.C. 5703.021(D).

**{¶ 32}** "The primary rule in statutory construction is to give effect to the legislature's intention." *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991). To discern legislative intent, we consider the statutory language, reading all words and phrases in context and in accordance with rules of grammar and common usage. *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21; R.C. 1.42. When statutory language is unambiguous, we apply it as written, without resort to additional rules of statutory interpretation or considerations of public policy. *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.*, 128 Ohio St.3d 492, 2011-Ohio-1603, 946 N.E.2d 748, ¶ 23-24, 26.

**{¶ 33}** The statutory language in R.C. 5703.021(D) is unambiguous and requires no further interpretation. Written in broad terms, R.C. 5703.021(D) requires the BTA to reassign an appeal to the regular docket upon request by "a party that is a taxpayer." The school board became a party to this action upon the filing of its counterclaimant. R.C. 5715.19(B). And as the majority opinion

acknowledges, the school board is a taxpayer that owns real property in Franklin County. Nothing more is required. I therefore agree with the school board's claims that it is "a party that is a taxpayer" under R.C. 5703.021(D) and that it therefore had a right to demand that the case be returned to the BTA's regular docket.

{¶ 34} Without expressly finding ambiguity in the statutory language, the majority opinion impermissibly restricts that language by holding that " 'a party that is a taxpayer' under R.C. 5703.021(D) means one whose *standing* as a party to the case before the BTA is predicated on the ownership of taxable property in the county under R.C. 5715.19(A)(1)." (Emphasis added.) Majority opinion at ¶ 22 Under R.C. 5715.19(A)(1), those who may file a valuation complaint include "[a]ny person owning taxable real property in the county," whether or not the owner of the subject property, and "the board of education of any school district with any territory in the county." Under R.C. 5715.19(B), those who may then file a countercomplaint include the owner of the subject property and a school board.

{¶ 35} While acknowledging that a board of education qualifies as "a party that is a taxpayer" when it files a valuation complaint in its capacity as a property owner, the majority opinion suggests that the General Assembly intended to distinguish a party who has filed a valuation complaint by virtue of its ownership of taxable property from a school board whose standing arises under R.C. 5715.19(B) simply from its status as a board of education, as is the case here. But nothing in R.C. 5703.021(D) suggests the need to consider the source of a party's standing. Had the General Assembly intended the right in R.C. 5703.021(D) to extend only to taxpayers who file complaints pursuant to R.C. 5715.19(A)(1) based on their ownership of taxable property, it could easily have said so in R.C. 5703.021(D). The General Assembly did not, however, incorporate into the statutory language the distinction that the majority opinion

draws.  Whether the school board's right to participate in this action is premised upon its status as a taxpayer or upon its status as a school board is irrelevant under R.C. 5703.021(D) when the school board is a taxpayer in the county.

{¶ 36} Because the plain statutory language of R.C. 5703.021(D) does not support the limitation the majority opinion grafts onto it, I respectfully dissent and would reverse the BTA's interim order and remand this matter to the BTA for further proceedings on its regular docket.

LANZINGER and KENNEDY, JJ., concur in the foregoing opinion.

_____

Rich & Gillis Law Group, L.L.C., and Mark H. Gillis, for appellant.

_____