[Cite as *Reld & G Ents., Inc. v. Eldanaf*, 2024-Ohio-245.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

RELD & G ENTERPRISES, INC.,
ET AL.,                                             :

      Plaintiff-Appellee,                    :

                            No. 112531

      v.                                           :

RABIH I. ELDANAF,

      Defendant.                               :

[Appeal by Grossman DT, Inc.,
Proposed Intervenor-Appellant]          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** January 25, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-18-903589 and CV-22-971809

---

### *Appearances:*

ICE MILLER LLP and Kristina S. Dahmann, *for plaintiff-appellee* Alice Griffin.

The Brunn Law Firm Co., LPA, Thomas L. Brunn, Jr., and Allison D. Ramsey, *for plaintiff-appellee* Reld & G Enterprises, Inc.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Komlavi Atsou, Jazmyn J. Barrow, and Sean A. McKinley, *for proposed intervenor-appellant* Grossman DT, Inc.

EMANUELLA D. GROVES, J.:

{¶ 1} Appellant Grossman DT, Inc. ("Grossman") appeals the trial court's denial of its motion to intervene, motion for preliminary injunction, and an order requiring Grossman to pay its rent to the court. We dismiss this appeal, because we find there is no final appealable order.

**Factual and Procedural History**

{¶ 2} On September 11, 2018, RELD & G Enterprise Inc. ("RELD") and one of its owners, George E. Shamatta[1] ("Shamatta"), filed suit against Rabih I. Eldanaf ("Eldanaf"); Cuyahoga C.P. No. CV-18-903589 ("CV-18-903589"). The complaint alleged that Shamatta was the vice president, acting president, and majority shareholder of RELD, while Eldanaf was the former president of RELD. In January 2018, while Eldanaf was on an extended leave from the business, Shamatta alleged he discovered that Eldanaf was embezzling funds from RELD.

{¶ 3} In August 2018, RELD's directors met and unanimously adopted a resolution removing Eldanaf as president of the corporation. However, Eldanaf refused to acknowledge this decision and continued to act under the color of the authority of his former title. RELD subsequently filed suit requesting injunctive relief and claiming conversion, tortious interference with contract, and breach of fiduciary duty. On October 8, 2021, the trial court issued an order appointing a receiver over RELD's assets.

---

[1] Shamatta passed away during the pendency of the litigation and was replaced in the case by Christine Alsaker, as administrator of his estate.

**{¶ 4}** On January 25, 2022, Grossman filed a motion to intervene in CV-18-903589, a motion for preliminary injunction, and an intervenor complaint, each as separate filings. At the time, Grossman was the tenant of a property RELD owned at 13605 Euclid Avenue, East Cleveland, Ohio (the "property"). Grossman alleged that in January 2013, it had entered into a five-year lease with RELD for the property that was renewable twice for subsequent five-year periods with an attendant increase in rent. Shortly thereafter in February or March 2013, Grossman and two principals of RELD allegedly entered into an oral agreement. In exchange for a loan from Grossman of $350,000 to RELD for rehab of the property, RELD would forgo collection of Grossman's rent for a period of 20 years.[2] Based on the foregoing, Grossman claimed it was entitled to intervene in the lawsuit.

**{¶ 5}** In its motion for preliminary injunction, Grossman alleged that the receiver submitted a report on December 13, 2021, that voided in part, the oral agreement between Grossman and RELD and called for the sale of the property. Accordingly, Grossman asked the court to enjoin the sale of the property and to prevent the receiver from voiding the parties' oral agreement. Subsequently, on March 15, 2022, the receiver filed a motion to terminate the lease between RELD and Grossman for the property, or in the alternative to order Grossman to begin paying rent to the court in the amount of $4,500 per month, to be held in trust pending resolution of the case.

---

[2] Grossman's motion included two signed and sworn affidavits from RELD owners that attested to the meeting and the loan.

{¶ 6} The trial court did not rule on Grossman's or the receiver's motion until March 2023. In the interim, on November 28, 2022, Grossman filed a separate complaint against RELD and Eldanaf: Cuyahoga C.P. No. CV-22-971809 ("CV-22-971809"). Grossman claimed breach of contract; promissory estoppel; and unjust enrichment against RELD; and trespass, against Eldanaf for actions he took at the property. Grossman also requested a declaratory judgment that the oral agreement between it and RELD was valid and enforceable.

{¶ 7} On January 9, 2023, the receiver filed a motion to consolidate the 2018 case with Grossman's case. On March 9, 2023, the trial court in separate entries, first, denied Grossman's motion to intervene and deemed the motion for preliminary injunction moot, and second, granted the receiver's motion to consolidate the two cases.

{¶ 8} On March 14, 2023, the trial court granted the receiver's March 2022 motion in part and ordered Grossman to begin paying monthly rent to the court in the amount of $4,500. Grossman now appeals and assigns the following errors for our review:

### Assignment of Error No. 1

The trial court erred when it denied Appellant Grossman DT, Inc.'s motion to intervene in Case No. CV-18-903589.

### Assignment of Error No. 2

The trial court erred when it denied Grossman's motion for preliminary injunctions.

## Assignment of Error No. 3

The trial court erred when it ordered Grossman to pay rent to appellee RELD & G Enterprise, Inc.

## Assignment of Error No. 4

The trial court abused its discretion when it denied Grossman's motion for preliminary injunction without a hearing.

## Appellate Jurisdiction

{¶ 9} Preliminarily, RELD argues that the trial court's order denying Grossman's motion to intervene was not a final appealable order because it did not deprive Grossman of a substantial right under R.C. 2505.02(B)(1). Accordingly, we must determine whether this court has jurisdiction to hear this appeal.

{¶ 10} A final appealable order exists only when it meets "the requirements of both R.C. 2505.02, and, if applicable, Civ.R. 54(B) * * *." *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 15, quoting *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5. A final order that may be reviewed, affirmed, modified, or reversed by the court of appeals is one that "affects a substantial right in an action that in effect determines the action and prevents a judgment. R.C. 2505.02(B)(1). A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶ 11} The Ohio Supreme Court recognized that Civ.R. 24 conveys the right to intervene and that the denial of a motion to intervene affects a substantial right.

*Gehm* at ¶ 29.  Therefore, we must determine whether denial of the motion to intervene in this case "in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).  An order meets this requirement when it "dispose[s] of the merits of the cause or some separate and distinct branch thereof and leave[s] nothing for the determination of the court[.]" *Crown Servs. v. Miami Valley Paper Tube Co.*, 162 Ohio St.3d 564, 2020-Ohio-4409, 166 N.E.3d 1115, ¶ 17, quoting *VIL Laser Sys., L.L.C. v. Shiloh Industries, Inc.*, 119 Ohio St.3d 354, 2008-Ohio-3920, 894, N.E.2d 303, ¶ 8.

{¶ 12}  However, the Ohio Supreme Court specifically found that "the denial of a motion to intervene, when the purpose for which intervention was sought may be litigated in another action, does not affect a substantial right under R.C. 2505.02(B)(1) that determines the action and prevents the judgment."  *Gehm* at ¶ 37.

{¶ 13} Notably, Grossman made the same claims in the intervenor complaint it filed in CV-18-903589 that it made in the separate lawsuit in CV-22-971809.  The cases were consolidated and litigation continued after Grossman filed its notice of appeal.  Accordingly, the trial court's denial of Grossman's motion to intervene did not determine the action nor prevent Grossman from receiving judgment on its claims.  Therefore, the trial court's decision was not a final appealable order and we do not have jurisdiction to hear Grossman's first assignment of error.  Accordingly, the appeal is dismissed as to Grossman's first assignment of error.

{¶ 14} Turning to Grossman's remaining assignments of error we are mindful that it is well settled that "an appeal from the denial of a motion to intervene is limited solely to the issue of intervention." *State ex rel. Sawicki v. Court of Common Pleas*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 18, quoting *State ex rel. Montgomery v. Columbus*, 10th Dist. Franklin No. 02AP-963, 2003-Ohio-2658, ¶ 33. A person seeking to intervene in a court case is a party to the case for the limited purpose of determining whether they have a right to intervene. *Id.*, citing *Southside Community Dev. Corp. v. Levin,* 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 11. A nonparty lacks standing to challenge the trial court's determination on the merits. *Id.*, citing *Montgomery* at ¶ 33.

{¶ 15} In the instant case, the trial court filed an entry that simultaneously denied Grossman's motion to intervene and its motion for preliminary injunction. At that time, Grossman did not have standing to request a preliminary injunction because the company was not a party to the litigation. The trial court denied the motion for preliminary injunction as moot without further explanation. Once the trial court denied the motion to intervene, Grossman was not a party and was not entitled to a ruling on its motion for preliminary injunction. Subsequently, the trial court consolidated the two cases. Nothing prevents Grossman from refiling the motion now that the cases are consolidated. Accordingly, we likewise do not have jurisdiction to hear assignments of error Nos. 2 and 4 and they are therefore dismissed.

{¶ 16} Finally, turning to the third assignment of error, Grossman argues that the trial court erred when it ordered Grossman to pay rent to RELD for its use of the property. Preliminarily, we note that the trial court did not order Grossman to pay RELD. The receiver's motion requested that the rental money be held by the court pending the determination of Grossman's responsibilities under the lease and the oral agreement. Grossman was ordered to pay the money to the court not to RELD. Accordingly, if it is determined that Grossman does not owe rent, the money it deposits will be returned at the end of the case.

{¶ 17} Several jurisdictions have found that an interim order designed to administer the receivership property is not a final appealable order because it is typically not an order that affects a substantial right that, if not immediately appealed, forecloses appropriate relief in the future. In *Gemmell v. Anthony*, 4th Dist. Hocking No. 15CA16, 2015-Ohio-2550, ¶ 10, for example, the appeals court found that an order that would allow the receiver to borrow funds up to $100,000 for renovating and reopening a park and gave an administrative priority claim to creditors willing to provide credit to the receiver did not affect a substantial right and was, therefore, not a final appealable order. The court found that these, among other orders, were interim orders designed to govern the ongoing administration of the receivership. *See also PNC Bank, N.A. v. Creative Cabinet Sys., Inc.*, 2d Dist. Darke Nos. 2013-CA-14 and 2013-CA-15, 2014-Ohio-3264, ¶ 13-14; *Dudek v. Lesnick*, 11th Dist. Trumbull No. 2010-T-58, 2010-Ohio-3251, ¶ 18; *Morgan v.*

*Jones*, 1st Dist. Hamilton No. C-210408, 2022-Ohio-1831, ¶ 10; *Jezerinac v. Dioun*, 10th Dist. Franklin Nos. 22AP-505 and 22AP-506, 2023-Ohio-2882, ¶ 28.

{¶ 18} Here, the record reflects that RELD and Grossman had entered into a lease for $4,000 per month initially, renewable twice for periods of five years each with an increase in the rent by $500 for each term. Despite Grossman's claim of an oral agreement, there was no written documentation to memorialize it at the time it was allegedly created. Additionally, Grossman was unable to provide proof of distribution of the $350,000 loan when requested by the receiver. The order requiring Grossman to pay rent to the court does not affect a substantial right. The trial court's order merely requires Grossman to pay the rent authorized in the lease it signed until the trial court determines the parties' obligations under the lease. The order effectively maintains the status quo by allowing Grossman to continue to utilize the property while depositing rent until the trial court rules. Because the ruling does not affect a substantial right, it is not a final appealable order.

{¶ 19} Based on the foregoing, the third assignment of error is also dismissed for lack of a final appealable order.

{¶ 20} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MARY J. BOYLE, J., CONCURS;
LISA B. FORBES, P.J., CONCURS IN JUDGMENT ONLY