[Cite as *Fatica Renovations, L.L.C. v. Bridge*, 2017-Ohio-1419.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| FATICA RENOVATIONS, LLC, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-G-0106** |
| WILLIAM W. BRIDGE, III, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2016 M 000919.

Judgment: Appeal dismissed.

*David L. Van Slyke*, Plunkett & Cooney, P.C., 300 East Broad Street, #590, Columbus, OH 43215 and *Vetus Syracuse*, 26250 Euclid Avenue, Euclid, OH 44132 (For Plaintiff-Appellee).

*William W. Bridge, III,* pro se, P.O. Box 26, Novelty, OH 44072 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} On January 3, 2017, appellant, William W. Bridge, III, filed a pro se notice of appeal from an entry of the Geauga County Court of Common Pleas.

{¶2} Appellee, Fatica Renovations, LLC, commenced this action on November 22, 2016, for quiet title, slander of title and permanent injunctive relief against appellant and Lisa Bridge regarding certain real property. Appellee also moved the trial court to enter a temporary restraining order and preliminary injunction precluding appellant and Ms. Bridge from filing any document and/or instrument with the recorder's office

asserting an interest in the subject property. In an entry dated December 27, 2016, the court granted the preliminary injunction and ordered appellant and Ms. Bridge to release the notices of lis pendens that were filed with the recorder's office. The court also enjoined them from interfering with appellee's efforts to sell the subject property, by terminating public access to the property and contacting agents/brokers. This instant appeal ensued.

{¶3} Appellee filed a motion to dismiss the appeal alleging that the judgment is not a final appealable order, citing *Hootman v. Zock*, 11th Dist. Ashtabula No. 2007-A-0063, 2007-Ohio-5619, in support of this argument. In *Hootman*, this court held that, when the trial court "attempt[ed] to maintain the *status quo*" through a preliminary injunction, its judgment was not final. *Id.* at ¶ 17.

{¶4} Appellant filed an opposition to the motion to dismiss and request for stay of preliminary injunction pending appeal. Appellee filed a reply in support of its motion to dismiss the appeal, and appellant filed a sur-reply to appellee's reply.

{¶5} Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments:

{¶6} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * *:

{¶7} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶8} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶9} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. * * *"

{¶10} A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction." R.C. 2505.02(A)(3). For an order to be final in a preliminary injunction case, both prongs of R.C. 2505.02(B)(4) must be met.

{¶11} Here, the first prong has been met because the trial court issued an order granting a preliminary injunction. That order determined the action with respect to the provisional remedy and prevented judgment in favor of appellant with regard to that provisional remedy. R.C. 2505.02(B)(4)(a).

{¶12} The problem is with the second prong. Appellant has to be deprived of a "meaningful and effective remedy" if he cannot appeal now.

{¶13} "'[I]t is well established that the granting of a temporary or preliminary injunction, in a suit in which the ultimate relief sought is a permanent injunction, is generally not a final appealable order.'" *Hootman, supra,* 2007-Ohio-5619, at ¶ 15, citing *Woodbridge Condominium Owners' Assn. v. Friedland,* 11th Dist. Lake No. 2003-L-073, 2004-Ohio-14, ¶ 4.

3

{¶14} Further, Ohio courts have also held that "'a preliminary injunction which acts to maintain the status quo pending a ruling on the merits is not a final appealable order under R.C. 2505.02.'" (Citation omitted.) *Hootman* at ¶ 16.

{¶15} As to R.C. 2505.02(B)(4)(b), we find that appellant would not be denied a meaningful or effective remedy by an appeal following final judgment as to all proceedings in this case. As stated above, generally, if a permanent injunction is sought, this will allow for a remedy at the conclusion of the proceedings. In this matter, appellant will have an opportunity to litigate the merits of his claim with the trial court.

{¶16} Accordingly, appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of a final appealable order.

{¶17} Appeal dismissed.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.