[Cite as *In re Estate of Reinhard*, 2020-Ohio-3409.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| ESTATE OF JOHN REINHARD, DECEASED | : | CASE NO. CA2019-11-028 |
| | : | O P I N I O N<br>6/22/2020 |
| | : | |
| | : | |
| | : | |

APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20191079

Arenstein & Andersen Co., LPA, Eric R. McLoughlin, Nicholas I. Andersen, Jessica L. Sohner, 6740 Avery Muirfield Drive, Suite B, Dublin, Ohio 43017, for appellant

**HENDRICKSON, P.J.**

{¶1} Chasity Skidmore appeals from the decision of the Madison County Probate Court, which, within an estate proceeding, issued a preliminary injunction ordering Skidmore to preserve assets in her possession that belonged to the decedent, John Reinhard. For the reasons that follow, this court dismisses the appeal for lack of a final appealable order.

{¶2} John Reinhard died in March 2019. In June 2019, David Stewart applied to

administer Reinhard's estate. The application indicated that Reinhard died intestate and that in excess of $1,000,000 of his personal and real property was subject to administration. On the Form 1.0 listing next of kin, Stewart indicated that Reinhard died unmarried, without children, and that Stewart lacked knowledge of other next of kin.

{¶3} The probate court set a hearing on Stewart's application and Stewart published notice of the hearing in the local newspaper. Following the hearing, the probate court issued letters of authority appointing Stewart.

{¶4} Stewart thereafter filed a petition in the estate proceeding requesting that the court review the actions of Chasity Skidmore with respect to a power of attorney ("POA") executed by Reinhard in December 2018, which nominated Skidmore as his attorney-in-fact. The petition alleged that one week after the execution of the POA, Reinhard moved into an assisted living facility where Skidmore was an employee. Then, between January 2019 and the date of Reinhard's death in March 2019, approximately $500,000 was removed from Reinhard's bank account. Additionally, a beneficiary designation on Reinhard's investment account had been changed to make Skidmore the sole beneficiary.

{¶5} The petition requested that the court review Skidmore's actions as Reinhard's agent against the duties set forth in R.C. 1337.34(A) and (B), order her to provide documents accounting for her actions, and to grant any other appropriate relief. Stewart attached a copy of the POA as well as Reinhard's bank records and the beneficiary change form. Stewart served a copy of the petition on Skidmore's attorney.

{¶6} The court subsequently issued an order scheduling a hearing and ordering Skidmore to appear to give testimony as to her actions using the POA, and to produce all records documenting her actions. The court additionally ordered Skidmore to "preserve any and all assets under her control that once belonged to John Reinhard or were acquired with funds which once were the property of John Reinhard."

{¶7} Prior to the hearing, Skidmore filed an application to probate Reinhard's last will and testament. Skidmore filed Reinhard's will, executed January 2019. The will nominated Skidmore as Reinhard's executor and made her the sole beneficiary of his estate.

{¶8} Skidmore additionally moved the court to vacate Stewart's letters of authority. Citing Civ.R. 73(E)(6), Skidmore argued that Stewart's appointment as administrator was void based upon Stewart's failure to – prior to publishing notice of the hearing on his application to administer – file an affidavit with the court certifying that "name, usual place of residence, or existence of the person to be served is unknown and cannot with reasonable diligence be ascertained * * *." Finally, Skidmore moved the court to strike its order granting Stewart's petition to review her actions as POA. The parties filed various other motions irrelevant to this appeal.

{¶9} Ultimately, the probate court issued an entry addressing all outstanding motions. The court agreed with Skidmore that Stewart's failure to file the affidavit required by Civ.R. 73(E)(6) rendered Stewart's letters of authority void. The court therefore revoked Stewart's letters. The court also found that the petition to review Skidmore's actions had been filed by Stewart under void letters and therefore the petition and entry granting the petition must be stricken.

{¶10} In the same entry, the court indicated that it had not yet admitted the will filed by Skidmore to probate. Instead, pursuant to R.C. 2107.18, the court indicated it intended to examine the two witnesses to the will and would set a hearing date. Also, in the same entry, the court continued its previous order requiring Skidmore to "preserve any and all assets under her control that once belong to John Reinhard or were acquired with funds which once were the property of John Reinhard." Skidmore appeals, raising a single

assignment of error.[1]

{¶11} THE TRIAL COURT ERRED BY *SUA SPONTE* ISSUING AN INJUNCTION ORDERING CHASITY SKIDMORE "TO PRESERVE ANY AND ALL ASSETS UNDER HER CONTROL THAT ONCE BELONGED TO JOHN REINHARD OR WERE ACQUIRED WITH FUNDS WHICH ONCE WERE THE PROPERTY OF JOHN REINHARD" WITHOUT PROVIDING HER WITH REASONABLE NOTICE AND AN OPPORTUNITY TO BE HEARD.

{¶12} Skidmore argues that the probate court violated her procedural due process rights and Civ.R. 65 by issuing a preliminary injunction without first holding a hearing or giving her notice that the court intended to issue a preliminary injunction. However, this court concludes that Skidmore's appeal must be dismissed because the probate court's order with respect to the preliminary injunction did not constitute a final appealable order.

{¶13} "A preliminary injunction is a provisional remedy that is considered interlocutory, tentative, and impermanent in nature." *Wells Fargo Ins. USA Servs. v. Gingrich*, 12th Dist. Butler No. CA2011-05-085, 2012-Ohio-677, ¶ 5.[2] Consequently, "an order granting or denying a preliminary injunction does not automatically qualify as a final appealable order." *Id.* To be appealable, such an order must fulfill the two-pronged test forth in R.C. 2505.02(B)(4). *Id.*

{¶14} Pursuant to R.C. 2505.02(B)(4), an order that grants or denies a provisional remedy is a final order that may be reviewed by this court if (1) "[t]he order in effect

---

1. Stewart did not separately appeal the probate court's decision and did not otherwise participate in this appeal.

2. A preliminary injunction has also been defined as "a remedy provided for present need or for the immediate occasion; one adapted to meet a particular exigency. Particularly, a temporary process available to a plaintiff in a civil action, which secures him against loss, irreparable injury, dissipation of the property, etc., while the action is pending. Such include the remedies of injunction, appointment of a receiver, attachment, or arrest." *Premier Health Care Servs. v. Schneiderman*, 2d Dist. Montgomery No. 18795, 2001 Ohio App. LEXIS 5170, *10-11 (Aug. 21, 2001), quoting *Black's Law Dictionary* 640 (5th Ed.1983).

determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy[,]" and (2) "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶15} This first prong is met if the order determines the provisional remedy in question and prevents a judgment in favor of the appealing party. *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 20-22. Here, the probate court's order granted a preliminary injunction, i.e., a provisional remedy, against Skidmore, the appealing party. Accordingly, the first prong is met because the order determined the action with respect to the provisional remedy and prevented a judgment in Skidmore's favor.

{¶16} With regard to the second prong, Skidmore must be able to demonstrate that she would be deprived of a meaningful and effective remedy if she cannot appeal now. *Wells Fargo*, 2012-Ohio-677 at ¶ 10, citing *E. Cleveland Firefighters, IAFF Local 500 v. E. Cleveland*, 8th Dist. Cuyahoga No. 88273, 2007-Ohio-1447, ¶ 4. The statute recognizes that while a court has an interest in avoiding piecemeal litigation, "occasions may arise in which a party seeking to appeal from an interlocutory order would have no adequate remedy from the effects of that order on appeal from final judgment." *State v. Muncie*, 91 Ohio St.3d 440, 451 (2001). Examples of preliminary injunctions that other courts have determined are final appealable orders include "an order compelling the production of documents containing trade secrets, an order compelling the production of privileged communications, or an order denying a request to enforce a covenant not to compete." *Empower Aviation, L.L.C. v. Butler Cty. Bd. of Commrs.*, 185 Ohio App.3d 477, 2009-Ohio-6331, ¶ 18 (1st Dist.).

{¶17} This court concludes that the preliminary injunction issued in this case would not deprive Skidmore of a meaningful and effective remedy at the conclusion of the estate

proceedings. Effectively, the probate court ordered Skidmore to preserve the status quo as it concerns any assets in her possession that were formerly Reinhard's assets or were acquired using his assets. Ohio courts have held that "a preliminary injunction which acts to maintain the status quo pending a ruling on the merits is not a final appealable order under R.C. 2505.02." *Hootman v. Zock*, 11th Dist. Ashtabula No. 2007-A-0063, 2007-Ohio-5619, ¶ 116, citing *E. Cleveland Firefighters* at ¶ 5; and *Deyerle v. Perrysburg*, 6th Dist. Wood No. WD-03-063, 2004-Ohio-4273. If Skidmore were to prevail in a challenge to her use of the POA, or other legal action against her by interested parties to the estate, she would not be deprived of a meaningful remedy because she apparently possesses the assets in question. Consequently, this court dismisses the appeal for lack of a final appealable order.

{¶18} Appeal dismissed.

S. POWELL and RINGLAND, JJ., concur.