[Cite as *Preterm-Cleveland v. Yost*, 2022-Ohio-4540.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PRETERM-CLEVELAND, | : | APPEAL NO. C-220504 <br> TRIAL NO. A-2203203 |
| PLANNED PARENTHOOD SOUTHWEST OHIO REGION, | : | |
| | : | *O P I N I O N.* |
| PLANNED PARENTHOOD OF GREATER OHIO, | : | |
| WOMEN'S MED GROUP PROFESSIONAL CORP., | : | |
| | : | |
| NORTHEAST OHIO WOMEN'S CENTER, LLC, d.b.a. TOLEDO WOMEN'S CENTER, | : | |
| | : | |
| and | : | |
| SHARON LINER, M.D., | : | |
| Plaintiffs-Appellees, | : | |
| | : | |
| vs. | : | |
| | : | |
| DAVID YOST, ATTORNEY GENERAL OF OHIO, | : | |
| BRUCE VANDERHOFF, DIRECTOR, OHIO DEPARTMENT OF HEALTH, | : | |
| | : | |
| KIM ROTHERMEL, SECRETARY, STATE MEDICAL BOARD OF OHIO, | : | |
| | : | |
| and | : | |
| | : | |

# OHIO FIRST DISTRICT COURT OF APPEALS

|  |  |
|---|---|
| | : |
| BRUCE SAFERIN, | |
| SUPERVISING MEMBER, STATE | : |
| MEDICAL BOARD OF OHIO, | |
| | : |
| Defendants-Appellants. | |
| | : |
| | : |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: December 16, 2022

*ACLU of Ohio Foundation, B. Jessie Hill, Freda J. Levenson* and *Rebecca Kendis, Planned Parenthood Federation of America, Melissa Cohen, Meagan Burrows, American Civil Liberties Union, Ryan Mendias, Michelle Nicole Diamond, Peter Neiman, Wilmer Cutler Pickering Hale* and *Dorr LLP, Alan E. Shoenfeld, Davina Pujari, Christopher A. Rheinheimer* and *Allyson Slater*, for Plaintiffs-Appellees,

*David Yost*, Attorney General of Ohio, *Benjamin M. Flowers*, Solicitor General, *Stephen P. Carney*, Deputy Solicitor General, and *Amanda L. Narog* and *Andrew D. McCartney*, Assistant Attorneys General, for Defendants-Appellants.

**BERGERON, Presiding Judge.**

{¶1}    In the wake of the United States Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 142 S.Ct. 2228, 213 L.Ed.2d 545 (2022), much of the attention on the question of abortion has shifted to state courts and state constitutions. This case involves the fate of a state statute that largely bans abortion access in Ohio. The trial court entered a preliminary injunction that barred the state from enforcing the statute, designed to preserve the status quo until it could convene a trial on the merits.  The state appealed this decision, but we find that it appealed prematurely.  Our jurisdiction as an appellate court is limited both by our constitution and relevant state statutes.  Consistent with the wealth of authority in Ohio concerning injunctions and appellate jurisdiction, we conclude that we lack jurisdiction over the state's appeal.  We accordingly dismiss this appeal, but of course any aggrieved party can appeal after the trial court issues its final judgment in the case.  Our answer on the merits of this dispute and the underlying constitutionality of the statute (even though many may wish that we decide the merits of this case now) must await another day.

I.

{¶2}    Ohio's so-called "Heartbeat Act" ("S.B. 23") generally proscribes abortions after a fetal heartbeat is detected.  R.C. 2919.19-2919.1913; 2019 Sub.S.B. No. 23.  The Ohio General Assembly enacted S.B. 23 in April 2019.  Under S.B. 23, a healthcare provider who intends to perform an abortion must first determine whether there is embryonic or fetal cardiac activity.  If the provider detects cardiac activity, S.B. 23 renders it a crime to "caus[e] or abet[] the termination of" the pregnancy.  R.C. 2919.195(A).  S.B. 23 also carves out two limited exceptions.  After the detection of cardiac activity, providers may perform abortions that they determine are necessary

3

(1) to preserve the pregnant woman's life, or (2) to prevent a "serious risk of the substantial and irreversible impairment of a major bodily function." R.C. 2919.195(B). Moreover, the act applies only to intrauterine pregnancies; it does not prohibit doctors from aborting tubal or ectopic pregnancies. R.C. 2919.191.

{¶3} In September 2022, plaintiffs-appellees—several abortion clinics and a doctor—filed a complaint, seeking a preliminary (and, ultimately a permanent) injunction regarding the enforcement of S.B. 23, naming various state officials (collectively, "the state") as defendants (now appellants). But this action does not exist in a vacuum; rather, it followed on the heels of two related proceedings.

{¶4} In July 2019, a federal district court preliminarily enjoined S.B. 23 before it went into effect, based on *Roe v. Wade*, 410 U.S. 113, 153-154, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 876, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). *Preterm-Cleveland v. Yost*, 394 F.Supp.3d 796, 800-801 (S.D.Ohio 2019). On June 24, 2022, following the United States Supreme Court's decision in *Dobbs*, 142 S.Ct. 2228, 213 L.Ed.2d 545, however, the district court vacated that preliminary injunction and S.B. 23 went into effect. *Preterm-Cleveland v. Yost*, S.D.Ohio No. 1:19-cv-00360, 2022 U.S. Dist. LEXIS 112700 (June 24, 2022).

{¶5} Plaintiffs immediately petitioned the Supreme Court of Ohio for a writ of mandamus on June 29, 2022, *see State ex rel. Preterm-Cleveland v. Yost*, 167 Ohio St.3d 1468, 2022-Ohio-2558, 191 N.E.3d 443. The mandamus action sought a prohibition on the enforcement of S.B. 23 and a declaration that S.B. 23 was unconstitutional under the Ohio Constitution. Plaintiffs voluntarily dismissed the

mandamus action in September 2022, when at least one of the plaintiff clinics faced imminent closure due to the enforcement of S.B. 23.

{¶6} Subsequently, on September 2, 2022, plaintiffs filed their complaint in the Hamilton County Court of Common Pleas seeking declaratory relief and a permanent injunction enjoining the enforcement of S.B. 23. Plaintiffs also filed a motion for a temporary restraining order followed by a preliminary injunction. On September 14, the trial court entered a 14-day temporary restraining order, which it later extended to October 12. Following an evidentiary hearing on an expedited basis, the trial court issued a preliminary injunction enjoining the enforcement of S.B. 23 and prohibiting the state from later taking any enforcement action premised on a violation of S.B. 23 that occurred while the act was in effect.

{¶7} The trial court's order emphasized the provisional nature of the injunction, explaining, "The Court's findings at this stage are based on the limited record before the Court. This matter shall be set for a case management conference at which time the Court shall issue a scheduling order providing the parties with adequate time to conduct full discovery in preparation for trial." The trial court also noted that the preliminary injunction hearing afforded only "limited expedited discovery in preparation for the hearing," clarifying that the injunction at issue was granted in anticipation of more fulsome discovery preceding its ultimate determination of whether to grant a permanent injunction enjoining the enforcement of S.B. 23.

{¶8} Nevertheless, the state immediately appealed the order granting the preliminary injunction. Upon review of the state's appeal, this court sua sponte raised a question regarding appellate jurisdiction, and on October 28, this court ordered the

parties to submit briefs addressing whether the preliminary injunction order constitutes a final appealable order under Ohio law. At this time, we do not weigh the merits of the case; rather, we must determine the threshold question of whether, under Ohio law, we may exercise jurisdiction over the state's appeal of the preliminary injunction order.

II.

{¶9} Appellate courts are courts of limited jurisdiction, and we must honor the jurisdictional constraints imposed by our constitution and state statutes. Pursuant to Article IV, Section 3(B)(2) of the Ohio Constitution, appellate courts possess jurisdiction to "review and affirm, modify, or reverse * * * final orders of the courts of record inferior to the court of appeals within the district * * *." "An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction." *Riscatti v. Prime Properties Ltd. Partnership*, 137 Ohio St.3d 123, 2013-Ohio-4530, 998 N.E.2d 437, ¶ 18, quoting *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10. "If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed." *Taxiputinbay, LLC v. Village of Put-In-Bay*, 6th Dist. Ottawa No. OT-20-021, 2021-Ohio-191, ¶ 7, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). As an appellate court, we are obliged to consider our jurisdiction even if neither party raises the issue. *See State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 4 ("R.C. 2505.03 * * * limits the appellate jurisdiction of courts * * * to the review of final orders, judgments, or decrees. This jurisdictional issue cannot be waived and may be raised by [an appellate court] sua sponte."); *see also J.B. v. R.B.*,

9th Dist. Medina No. 14CA0044-M, 2015-Ohio-3808, ¶ 4, citing *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 185, 280 N.E.2d 922 (1972) ("This Court is obligated to raise sua sponte questions related to our jurisdiction.").

**{¶10}** The question of whether an order constitutes a "final order" that we can review obligates us to consider the language of the governing statute as well as how Ohio courts have interpreted this language. R.C. 2505.02 serves as our guide in this inquiry. "For an order to be final and appealable, it must meet the requirements of R.C. 2505.02(B)." *In re C.B.*, 129 Ohio St.3d 231, 2011-Ohio-2899, 951 N.E.2d 398, ¶ 5. The parties agree that the only subsection of R.C. 2505.02 at issue here is R.C. 2505.02(B)(4), which provides:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

\* \* \*

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

**{¶11}** The threshold question in determining whether an order constitutes a final appealable order under R.C. 2505.02(B)(4) is whether the order "grants or denies a provisional remedy." *See State v. Muncie*, 91 Ohio St.3d 440, 447, 746 N.E.2d 1092

(2001) ("To satisfy the definition of 'final order' contained in R.C. 2505.02(B)(4), the order at issue must either grant or deny a provisional remedy."). R.C. 2505.02(A)(3) answers that question for the case at hand, defining a "provisional remedy" as "a proceeding ancillary to an action, including * * * a proceeding for a preliminary injunction." In the present case, the appealed-from order granted a preliminary injunction; therefore, this case squarely falls within the scope of R.C. 2505.02(B)(4).

{¶12} The provisional remedy must then satisfy both prongs of R.C. 2505.02(B)(4) to constitute a final appealable order. *See Muncie* at 450-452; *Empower Aviation, LLC v. Butler Cty. Bd. of Commrs.*, 185 Ohio App.3d 477, 2009-Ohio-6331, 924 N.E.2d 862, ¶ 10 (1st Dist.); *Deyerle v. City of Perrysburg*, 6th Dist. Wood No. WD-03-063, 2004-Ohio-4273, ¶ 13 ("[A]n order denying or granting a preliminary injunction is a final appealable order if it satisfies the two prongs of R.C. 2505.02(B)(4)."). Only if the order meets both requirements can we exercise jurisdiction.

{¶13} The first prong requires that the order effectively determines the action with respect to the provisional remedy and prevents a judgment in favor of the appealing party with respect to the provisional remedy for an order to be deemed final under R.C. 2505.02(B)(4). R.C. 2505.02(B)(4)(a). However, the statute on its face gives courts little guidance for ascertaining what "determines the action" or "prevents a judgment" with respect to the provisional remedy, and Ohio caselaw on the topic is limited. In fact, characterizing any provisional remedy—such as a preliminary injunction—as determining the action or preventing a judgment strikes us as at odds with the very concept of provisional remedies, which are, by their nature, temporary

and interlocutory.[1]  While this requirement may pose a conceptual conundrum, in practice, the Ohio Supreme Court has explained that an order satisfies the requirement if "there existed nothing further for the trial court to decide with respect to the provisional remedy." *In re Special Docket No. 73958*, 115 Ohio St.3d 425, 431, 2007-Ohio-5268, 875 N.E.2d 596; *see Muncie* at 450-451.

{¶14}  Here, the trial court's decision is, as best we can tell, final with respect to issuing the preliminary injunction.  By that, we mean that the trial court gave no indication that its decision was tentative or contingent in any manner.  While a trial court generally retains the ability to revisit interlocutory rulings, under the Ohio Supreme Court's interpretation of R.C. 2505.02(B)(4)(a), we conclude that the state has satisfied this requirement.  *See In re Special Docket No. 73958* at 430-431; *Muncie*, 91 Ohio St.3d at 450-451, 746 N.E.2d 1092.  We accordingly proceed to the next step of the R.C. 2505.02(B)(4) analysis.

{¶15}  To satisfy the second prong of R.C. 2505.02(B)(4), the appealing party must show that, if it cannot appeal now, it will be deprived of "a meaningful or effective remedy" if it must await "an appeal following final judgment as to all proceedings." R.C. 2505.02(B)(4)(b).  This requirement exists in recognition that, "in spite of courts' interest in avoiding piecemeal litigation, occasions may arise in which a party seeking to appeal from an interlocutory order would have no adequate remedy from the effects of that order on appeal from final judgment." *Muncie* at 451.  In other words, "[i]n some instances, 'the proverbial bell cannot be unrung and an appeal after final

---

[1] As explained in Painter and Pollis, *Ohio Appellate Practice*, Section 2:20, at 163 (2021-2022 Ed.), it appears that the General Assembly included this language to track R.C. 2505.02(B)(1), which involves decisions that truly "determine[] the action and prevent[] a judgment."  Appropriating such language in the provisional remedy context seems to be the source of confusion.

judgment on the merits will not rectify the damage' suffered by the appealing party." *Id.*, quoting *Gibson-Myers & Assocs. v. Pearce*, 9th Dist. Summit No. 19358, 1999 Ohio App. LEXIS 5010, *7-8 (Oct. 27, 1999).

**{¶16}** Before we apply Ohio caselaw to the case at hand, we pause to address the federal authority featured by the state in its jurisdictional brief. The state seeks to convince us that it lacks a "meaningful or effective remedy" if it cannot appeal now by pointing to various federal cases. For example, the state refers to *Thompson v. DeWine*, 976 F.3d 610 (6th Cir.2020), and *Abbott v. Perez*, 138 S.Ct. 2305, 201 L.Ed.2d 714 (2018), to establish that every order enjoining a valid state law inflicts "serious[] and irreparabl[e] harm" on a state. *See Thompson* at 619. However, we find the state's references to federal authorities in the preliminary injunction context unpersuasive. Under federal law, orders granting a preliminary injunction are *always* appealable. 28 U.S.C. 1292(a)(1) ("[T]he courts of appeals shall have jurisdiction of appeals from * * * [i]nterlocutory orders of the district courts of the United States * * * granting, continuing, modifying, refusing or dissolving injunctions * * *."). In contrast, as explained above, Ohio law permits the appeal of orders granting preliminary injunctions only in limited circumstances. Accordingly, we find the federal cases relied upon by the state inapposite, as they shed no light on Ohio's statutory regime.

**{¶17}** Turning back to the Ohio standard, to understand how this "meaningful or effective remedy" requirement applies, we consider three different strands of Ohio caselaw: (1) cases holding that a preliminary injunction does not meet the standard of R.C. 2505.02(B)(4)(b) when the plaintiff ultimately seeks a permanent injunction; (2)

cases recognizing that preservation of the status quo generally fails to satisfy the requirements of finality; and (3) cases illustrating the "unringing" of the bell concept.

{¶18} We begin with the first consideration—the fact that "Ohio courts generally hold that the second prong of R.C. 2505.02(B)(4) cannot be met when the provisional remedy is a preliminary injunction and the ultimate relief sought in the lawsuit is a permanent injunction." *Clean Energy Future, LLC v. Clean Energy Future-Lordstown, LLC*, 11th Dist. Trumbull No. 2017-T-0110, 2017-Ohio-9350, ¶ 7; s*ee Hootman v. Zock*, 11th Dist. Ashtabula No. 2007-A-0063, 2007-Ohio-5619, ¶ 15; *Katherine's Collection, Inc. v. Kleski*, 9th Dist. Summit No. 26477, 2013-Ohio-1530, ¶ 17 ("This Court has held that where, as here, the provisional remedy affected the type of claims and relief that are at the heart of the underlying litigation, the order determining the provisional remedy is not immediately appealable."); *Jacob v. Youngstown Ohio Hosp. Co., LLC*, 7th Dist. Mahoning No. 11 MA 193, 2012-Ohio-1302, ¶ 24.

{¶19} The logic animating these decisions is that an appeal after issuance of the permanent injunction will provide the meaningful and effective remedy. *See Fatica Renovations, LLC v. Bridge*, 11th Dist. Geauga No. 2017-G-0106, 2017-Ohio-1419, ¶ 15 ("[G]enerally, if a permanent injunction is sought, this will allow for a remedy at the conclusion of the proceedings."). And this case helps illustrate the point—the court issued its preliminary injunction on a limited record and on an expedited basis, and it was poised to shift gears swiftly to resolve the permanent injunction. Yes, some delay would occur between the preliminary and permanent injunction, but that delay must be measured against providing the appellate court a complete record on appeal and avoiding piecemeal appeals. Applying that logic, Ohio

courts have consistently recognized that parties will have their meaningful and effective remedy after issuance of the permanent injunction (or they will prevail at the permanent injunction phase and secure effective relief through that manner).

{¶20} Here, although the trial court granted a preliminary injunction enjoining S.B. 23, plaintiffs ultimately seek relief in the form of a permanent injunction on the enforcement of S.B. 23 and a declaration that S.B. 23 is unconstitutional under the Ohio Constitution, bringing this case squarely within the scope of the rule delineated above. The arguments that plaintiffs marshalled in favor of the preliminary injunction—that they are being deprived of their fundamental rights under the Ohio Constitution, causing them to suffer constitutional, medical, emotional, and other harms—echo the arguments they frame in their complaint in support of an eventual permanent injunction. Because the provisional remedy is a preliminary injunction and plaintiffs ultimately seek a permanent injunction to enjoin the same act on the same reasoning, it supports the conclusion that the second prong of R.C. 2505.02(B)(4) is not met in this case.

{¶21} This point is bolstered when we turn next to the second strand of Ohio caselaw that guides our analysis: "[C]ourts have found that 'a preliminary injunction which acts to maintain the status quo pending a ruling on the merits is not a final appealable order under R.C. 2505.02.' " *Quinlivan v. H.E.A.T. Total Facility Solutions, Inc.*, 6th Dist. Lucas No. L-10-1058, 2010-Ohio-1603, ¶ 5, quoting *Hootman*, 11th Dist. Ashtabula No. 2007-A-0063, 2007-Ohio-5619, at ¶ 15, and *E. Cleveland Firefighters, IAFF Local 500 v. City of E. Cleveland*, 8th Dist. Cuyahoga No. 88273, 2007-Ohio-1447, ¶ 5; *see In re Estate of Reinhard*, 12th Dist. Madison No. CA2019-11-028, 2020-Ohio-3409, ¶ 17. In the context of preliminary injunctions,

various Ohio appellate districts have defined "status quo" as the "last, actual, peaceable, uncontested status which preceded the pending controversy." *Taxiputinbay*, 6th Dist. Ottawa No. OT-20-021, 2021-Ohio-191, at ¶ 17, quoting *Quinlivan* at ¶ 5, and *Hootman* at ¶ 16.

{¶22} Ohio courts generally do not permit immediate appellate review of preliminary injunctions that preserve the status quo because, if the status quo is being preserved, the aggrieved party will have an opportunity to obtain its "meaningful or effective remedy" if a permanent injunction is issued. In other words, if the status quo doesn't change—the party isn't truly harmed (at least in the manner contemplated by R.C. 2505.02(B)(4)(b)). Needless to say, any party losing a preliminary injunction decision can muster some claim of immediate harm, but the statute keeps our eyes on the "meaningful or effective remedy" standard. And with respect to preliminary injunction orders that preserve the status quo, Ohio courts have spoken.

{¶23} The last legally uncontested status in Ohio with regard to laws regulating abortions was, as the trial court aptly recognized in its order, "the status quo of legal and safe abortion access that has been in place in Ohio for nearly five decades." Indeed, S.B. 23 has been challenged in various lawsuits even before its effective date. As the state points out, S.B. 23 was briefly in effect between the injunction issued by the federal court and the preliminary injunction issued by the trial court below. The fact that this interlude allowed S.B. 23 to be effective does not alter the status quo assessment because Ohio law confirms that the "status quo" is that which precedes the enforcement of a challenged law (particularly given the pendency of other litigation seeking similar relief before the federal court and the Ohio Supreme Court). *See Taxiputinbay* at ¶ 17; *Quinlivan* at ¶ 5; *Hootman* at ¶ 16. The trial court

13

here determined that its preliminary injunction would preserve the status quo, and—consistent with the caselaw above—we have no basis to question that determination. Accordingly, the status quo consideration supports a conclusion that the state will have a meaningful and effective remedy following final judgment, because the preliminary injunction maintains the precontroversy status quo.

{¶24} As to the third thread of jurisprudence, courts have recognized that an immediate appeal might be warranted if "the proverbial bell cannot be unrung." *Muncie*, 91 Ohio St.3d at 451, 746 N.E.2d 1092. But courts have emphasized the narrowness of this inquiry, lest an expansive view swallow the rule: "Ordinarily, an order issuing or denying a preliminary injunction is not a final appealable order." *Ankrom v. Hageman*, 10th Dist. Franklin No. 06AP-735, 2007-Ohio-5092, ¶ 8, quoting *LCP Holding Co. v. Taylor*, 158 Ohio App.3d 546, 2004-Ohio-5324, 817 N.E.2d 439, ¶ 18 (11th Dist.). Cases considering this context have focused on situations that would irreparably change the party's position between provisional remedy and final judgment. Classic scenarios include divulgence of attorney-client privileged communications or disclosure of other confidential information, *Cleveland Clinic Found. v. Levin*, 120 Ohio St.3d 1210, 2008-Ohio-6197, 898 N.E.2d 589, ¶ 12-13, *Cuervo v. Snell*, 10th Dist. Franklin Nos. 99AP-1442, 99AP-1443 and 99AP-1458, 2000 Ohio App. LEXIS 4404, *6-7 (Sept. 26, 2000), and *Premier Health Care Servs. v. Schneiderman*, 2d Dist. Montgomery No. 18795, 2001 Ohio App. LEXIS 5170, *4-9 (Aug. 21, 2001), forced administration of psychotropic medication to an incompetent criminal defendant, *Muncie* at 452, and cases implicating the right against double jeopardy, *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 53-59. This vein of cases tends to generally involve information which, once disclosed,

would be "irretrievably lost," *Cleveland Clinic Found.* at ¶ 13, "particularly severe" interferences with an individual's liberty interest, *Muncie* at 452, or even "the potential for serious or * * * fatal side effects," *id.*, and other cases in which, absent an immediate appeal, the right cannot be vindicated. *Anderson* at ¶ 53-59.

{¶25} We cannot fit the state's claimed harm within these confines. The state delineates three purported forms of harm that it believes it will suffer in the absence of the right to an immediate appeal. First, the state contends that it and its citizens will suffer inherent harm every day that it is barred from giving effect to S.B. 23 (presumably because a state always suffers harm when its laws are enjoined). Second, the state submits that it is being irreparably harmed because the injunction allows the performance of an irreversible procedure—abortion—in circumstances not permitted by S.B. 23. And third, according to the state, because abortions are irreversible, every day the injunction remains in force irreparably undermines the state's efforts to protect its citizens. At bottom, however, the state focuses on harm to third-parties rather than on harm to itself, which colors its jurisdictional analysis. *See Mentor Way Real Estate Partnership v. Hertanu*, 8th Dist. Cuyahoga No. 103267, 2016-Ohio-4692, ¶ 11 (dismissing the appeal for want of a final appealable order upon concluding that harm to a third party would not deny appellant a meaningful and effective remedy).

{¶26} But, as the caselaw described above demonstrates, just because a party can fashion a claim of harm does not mean it will be deprived of a "meaningful or effective remedy" by waiting to "appeal following final judgment as to all proceedings." *See* R.C. 2505.02(B)(4)(b). Indeed, the state's argument is tantamount to a conclusion that *any* preliminary injunction of a state statute warrants an immediate appeal. We

15

are unwilling to go that far, nor does extant Ohio law. More importantly, it is difficult to square the alarmist claims in the state's jurisdictional brief with the fact that S.B. 23 had already been enjoined for nearly three years by the federal court. The state will have a "meaningful or effective remedy" after the conclusion of the permanent injunction hearing.

{¶27} Confirming our determination, the state's defense of appellate jurisdiction is notably sparse on Ohio caselaw, and the cases it does cite are distinguishable from the controversy at hand.[2] Two of the cases to which the state cites deal with concrete and imminent harms, such as the risk of trade secret misappropriation, *Premier Health Care Servs.*, 2d Dist. Montgomery No. 18795, 2001 Ohio App. LEXIS 5170, at *4-9, or where certain funds would otherwise be distributed to other parties before the trial court could determine to whom they rightfully belonged, *AIDS Taskforce of Greater Cleveland v. Ohio Dept. of Health*, 2018-Ohio-2727, 116 N.E.3d 874, ¶ 17-18 (8th Dist.). The state did not refer to any cases that specifically support any of its three claims of harm in the absence of immediate appeal, and conspicuously absent are any cases where a third-party's rights are factored into the calculus. The state also relied on *Puruczky v. Corsi*, 2018-Ohio-1335, 110 N.E.3d 73, ¶ 15 (8th Dist.). But this case can be distinguished because it involves an infringement of a party's constitutional right to free speech, and preliminary injunctions restraining free speech fall under a separate category of order requiring immediate appellate review. *Id.*, quoting *Connor Group v. Raney*, 2d Dist. Montgomery No. 26653, 2016-Ohio-2959, ¶ 1 ("[A] preliminary injunction that

---

[2] The state also cites *Village of Newburgh Hts. v. State*, Slip Opinion No. 2022-Ohio-1642, but that case offers no analysis of the R.C. 2505.02(B)(4) factors, so it provides no guidance to us.

16

constitutes a prior restraint on speech requires immediate appellate review."). We therefore hold that the state has failed to establish that the "proverbial bell cannot be unrung," *see Muncie*, 91 Ohio St.3d at 451, 746 N.E.2d 1092, or that an appeal on the final merits will not be sufficient.

{¶28} In the case at hand, the trial court issued a preliminary injunction to preserve the rights (of access to abortion care in Ohio) of the party in whose favor the preliminary injunction was granted until such time as the matter could finally be decided on the merits. At that time, if a permanent injunction is granted, the state will have a meaningful and effective remedy—the right to an appeal. The trial court issued a preliminary injunction designed to maintain the status quo, and the state fails to successfully demonstrate that it will be deprived of a meaningful or effective remedy if it cannot appeal now. Accordingly, we hold that the trial court's order granting plaintiffs' motion for a preliminary injunction does not satisfy the requirements of a final appealable order under R.C. 2505.02(B)(4).

\* \* \*

{¶29} We appreciate that many citizens may be interested in the resolution of the merits of this appeal, but we cannot expand our jurisdiction simply because the case is a significant one. In light of the foregoing analysis, we must dismiss this appeal for lack of a final appealable order.

Appeal dismissed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

17