[Cite as *Ohio Equity Fund for Hous. Ltd. Partnership XXVIII v. Irvin Cobb Mgr., Inc.*, 2025-Ohio-1714.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Ohio Equity Fund for Housing Limited Partnership XXVIII,

        Plaintiff-Appellee,

v.

Irvin Cobb Manager, Inc. et al.,

        Defendants-Appellants.

:
:
:
:
:
:
:
:

No. 24AP-375
(C.P.C. No. 23CV-7676)

(REGULAR CALENDAR)

---

D E C I S I O N

Rendered on May 13, 2025

---

**On brief:** *Barnes & Thornburg LLP*, *Robert C. Folland*, and *Kristopher J. Armstrong*, for appellee. **Argued:** *Kristopher J. Armstrong.*

**On brief:** *Meyers, Roman, Friedberg & Lewis*, *Kathleen M. Minahan*, and *Carly D. Glantz*, for appellants. **Argued:** *Kathleen M. Minahan.*

---

APPEAL from the Franklin County Court of Common Pleas

JAMISON, P.J.

{¶ 1} Defendant-appellant, Irvin Cobb Manager, Inc. ("ICMI"), appeals the decision of the Franklin County Court of Common Pleas granting a preliminary injunction in favor of plaintiff-appellee, Ohio Equity Fund for Housing Limited Partnership XXVIII ("Fund"). For the reasons below, we dismiss this appeal.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In December 2018, ICMI, the Fund, Arbors of Irving Cobb Housing, LLC ("Arbors"), and J&S Management Co., Inc. ("J&S") entered into the Irvin Cobb Limited

Partnership ("partnership"). The partnership is governed by a limited partnership agreement ("LPA"). ICMI was the general partner, the Fund was the limited partner, Arbors was a special limited partner, and J&S was the property manager. ICMI, Arbors, and J&S are affiliated entities under the control of the Bobeck family.

{¶ 3} The purpose of the partnership was to own, lease, and operate a 104-unit, low-income housing facility in Paducah, Kentucky for seniors and people with disabilities. The facility participates in the Section 8 housing subsidy program administered by the U.S. Department of Housing and Urban Development ("HUD"), and is subject to rules and restrictions to ensure compliance with federal and state laws and regulations.

{¶ 4} On September 15, 2023, HUD issued two notices of default and demand for corrective action to the partnership concerning a longstanding bedbug infestation problem and maintenance issues at the facility. On September 18, 2023, the Fund sent ICMI a letter stating it found ICMI in default of the LPA, and that ICMI was removed as the general partner.

{¶ 5} On September 20, 2023, HUD sent the partnership two letters. One letter was a formal notice that the partnership was in violation of agreements and that failure to take corrective action could result in a declaration of default, and the second letter served as notice that partnership needed to replace J&S, the management agent. On September 26, 2023, the Fund sent ICMI a letter stating that, pursuant to the management agreement, J&S would be removed as management agent, effective September 30, 2023.

{¶ 6} On October 20, 2023, HUD sent another letter to the partnership that declared it was in default of agreements and that foreclosure or other remedies may be pursued.

{¶ 7} On October 27, 2023, the Fund filed a complaint against ICMI, Arbors, and J&S alleging breach of contract and fiduciary duty, and requested injunctive relief. On November 1, 2023, the trial court denied the Fund's request for a temporary restraining order but set a hearing on the Fund's motion for a preliminary injunction. On November 7, 2023, the Fund filed a notice of withdrawal without prejudice of the preliminary injunction motion as to Arbors only.

{¶ 8}    On May 14, 2024, the trial court granted the motion and issued a preliminary injunction enjoining ICMI from acting as general manager and J&S from acting as management agent.  No bond was required.

{¶ 9}    On June 13, 2024, ICMI filed the instant appeal.  Arbors and J&S are not parties to this appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 10}  Appellant assigns the following as trial court errors:

> [1.] The trial court abused its discretion by granting a preliminary injunction against Irvin Cobb Manager, Inc. ("ICMI").

> [2.] The trial court erred by failing to exercise its discretion to determine whether bond was necessary.

## III.  STANDARD OF REVIEW

{¶ 11}  We review a trial court's decision to grant or deny a preliminary injunction for an abuse of discretion.  *Garb-Ko, Inc. v. Benderson*, 2013-Ohio-1249 (10th Dist.).  A trial court does not abuse its discretion unless a decision was arbitrary, unreasonable, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

## IV.  LEGAL ANALYSIS

{¶ 12}  Before addressing the arguments, we must first determine whether the preliminary injunction is a final, appealable order.  Ohio appellate courts have jurisdiction to review only judgments or final orders of lower courts within their districts.  Ohio Const., art. IV, § 3(B)(2); R.C. 2501.01.  If an order is not a final, appealable order, an appellate court lacks jurisdiction to review it and the appeal must be dismissed.  *Ghem v. Timberline Post & Frame*, 2007-Ohio-607.

{¶ 13}  Ohio law permits the appeal of an order granting a preliminary injunction only if certain conditions are met.  For such an order to be final and appealable, it must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).  *Nnadi v. Nnadi*, 2015-Ohio-3981 (10th Dist.).  R.C. 2505.02 defines the eight categories of a final order as follows:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly . . . ;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code;

(8) An order restraining or restricting enforcement, whether on a temporary, preliminary, or permanent basis, in whole or in part, facially or as applied, of any state statute or regulation, including, but not limited to, orders in the form of injunctions, declaratory judgments, or writs[.]

R.C. 2505.02(B)(1) through (8).

{¶ 14} A preliminary injunction is a provisional remedy. *Youngstown City School Dist. Bd. of Edn. v. State*, 2017-Ohio-555 (10th Dist.); R.C. 2505.02(A)(3). Therefore, the relevant subsection is R.C. 2505.02(B)(4). The next step is to determine whether the order effectively determines the action regarding the provisional remedy and prevents a judgment in favor of the appealing party regarding the provisional remedy. *State v. Muncie*, 2001-Ohio-93. The trial court has determined the action with respect to the Fund's request for a preliminary injunction by granting the motion and did not indicate any willingness to reconsider its decision. R.C. 2505.02(B)(4)(a) is satisfied. *Ohio House Republican Alliance v. Stephens*, 2024-Ohio-3416 (10th Dist.).

{¶ 15} The final step is to determine if there is a harm such that appeal after final judgment would not afford an appealing party a meaningful and effective remedy. If there is no recourse to rectify any damage suffered by the appealing party, the bell cannot be unrung and there is not a final, appealable order. *Sinnott v. Aqua-Chem, Inc.*, 2007-Ohio-5584. There are three lines of cases addressing whether a party has a meaningful and effective remedy on appeal: "(1) cases holding that a preliminary injunction does not meet the standard of R.C. 2505.02(B)(4)(b) when the plaintiff ultimately seeks a permanent injunction; (2) cases recognizing that preservation of the status quo generally fails to satisfy the requirements of finality; and (3) cases illustrating the 'unringing' of the bell concept." *Preterm-Cleveland v. Yost*, 2022-Ohio-4540, ¶ 17 (1st Dist.).

{¶ 16} The first line of cases stands for the proposition that when a plaintiff ultimately seeks a permanent injunction enjoying the same acts as requested in the preliminary injunction, there is no final, appealable order. *Columbus v. State*, 2023-Ohio-195 (10th Dist.). "It is well established that the granting of a temporary or preliminary injunction, in a suit in which the ultimate relief sought is a permanent injunction, is generally not a final appealable order." (Internal quotation marks deleted and citations omitted.) *Taxiputinbay, L.L.C. v. Put-In-Bay*, 2021-Ohio-191, ¶ 12 (6th Dist.). The basis for this line of reasoning is that a party has a meaningful and effective remedy and may either appeal if a permanent injunction is issued, or they will secure effective relief if the permanent injunction is denied. *Fatica Renovations, L.L.C. v. Bridge*, 2017-Ohio-1419 (11th Dist.).

{¶ 17} The Fund is requesting the same relief in both the preliminary and permanent injunctions. The arguments the Fund used in favor of the preliminary injunction are the same to be used for a permanent injunction. ICMI will have the opportunity to litigate the merits of its defense to the request for permanent injunction. Because the Fund seeks a permanent injunction on the same reasoning as the preliminary injunction, the conclusion must be that the second prong of R.C. 2505.02(B)(4) is not met.

{¶ 18} Regarding the second strand of cases, an order granting a preliminary injunction is generally not a final, appealable order if the injunction serves to maintain the status quo until trial. *England v. 116 W. Main L.L.C.*, 2023-Ohio-3086 (2d Dist.). Ohio courts have defined "status quo" in the context of a preliminary injunction as "the last,

actual, peaceable, uncontested status which preceded the pending controversy." (Internal quotation marks deleted and citations omitted.) *Id.* at ¶ 21. If a preliminary injunction maintains the status quo, there is no harm in the manner contemplated by R.C. 2505.02(B) and the opportunity for a meaningful and effective remedy is preserved. *Dimension Serv. Corp. v. First Colonial Ins. Co.*, 2014-Ohio-5108 (10th Dist.).

{¶ 19} The Fund argued that the status quo was preserved because the facility continued to be operated under the same contractual relationship as existed before. However, ICMI's last uncontested status was as general partner and manager of the facility. The preliminary injunction removed ICMI as general partner and J&S as management agency, so the last uncontested status has been altered.

{¶ 20} A change in the status quo may suggest an otherwise provisional order is in fact a final order, but it is not definitive. *Arthur Young & Co. v. Kelly*, 1987 Ohio App. LEXIS 8922 (10th Dist. Sep. 29, 1987). We have held that a temporary restraining order that altered the status quo was not a final, appealable order. *Columbus v. Show & Tell, Inc.*, 1979 Ohio App. LEXIS 12548 (10th Dist. Nov. 8, 1979). *See Kroger Co. v. Cleve/Lorain, Inc.*, 1985 Ohio App. LEXIS 8645 (8th Dist. Aug. 29, 1985) (a temporary restraining order which alters the status quo of a situation by allowing company to repossess stores does not transform the temporary order into a final order). The removal of ICMI as manager altered the status quo, but it still preserved the ability of ICMI to return to management after a final judgment, either on the merits or on appeal.

{¶ 21} We have found that while the status quo analysis may be helpful, the ultimate question in determining R.C. 2505.02(B)(4)(b) is whether "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment." *Columbus*, 2023-Ohio-195, at ¶ 16 (10th Dist.). The third strand of cases address the situation where a party has a protectable interest at stake but no ability to appeal a final judgment after a provisional remedy. An immediate appeal is required because "the proverbial bell cannot be unrung" and there is nothing the party can do to rectify the damage. *Preterm-Cleveland*, 2022-Ohio-4540, at ¶ 24 ( 1st Dist.). Courts apply the "bell-ringing" reasoning narrowly, consistent with the established rule that a preliminary injunction is typically not a final, appealable order. *Ankrom v. Hageman*, 2007-Ohio-5092 (10th Dist.).

{¶ 22} These cases involve situations where no meaningful remedy exists because the inability to immediately appeal would cause irreparable damage and prove future appeal rights useless. *Muncie*, 2001-Ohio-93 (order compelling involuntary administration of psychotropic medication is a final order because there is no effective remedy on appeal for a person forced to endure the side effects of the medications); *Armstrong v. Marusic*, 2004-Ohio-2594 (11th Dist.) (order permitting inspection of trade secrets was a final, appealable order because there was no ability after judgment to restore the clerk of secrecy lifted by the order); *Cuervo v. Snell*, 2000 Ohio App. LEXIS 4404 (10th Dist. Sep. 26, 2000) (order compelling production of privileged communications between an attorney and client was a final, appealable order because the proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage).

{¶ 23} ICMI alleged that loss of control of the property constituted irreparable harm, and its investment would be at risk if it is denied an immediate appeal. We disagree.

{¶ 24} Generally, a party does not have the right to an immediate appeal if business losses can be remedied by monetary damages at the conclusion of the matter. *Wells Fargo Ins. Servs. USA, Inc. v. Ginrich*, 2012-Ohio-677 (12th Dist.). Any loss attributed to ICMI being unable to conduct the day-to-day operations of the facility can be remedied by money damages. *Aquasea Group, L.L.C. v. Singletary*, 2014-Ohio-1780 (11th Dist.). A delay in recovery or in obtaining monetary relief is the necessary consequence of most civil litigation and that delay does not render the ultimate remedy ineffective or unmeaningful under R.C. 2505.02(B)(4)(b). *Katherine's Collection, Inc. v. Kleski*, 2013-Ohio-1530 (9th Dist.) (financial hardship under preliminary injunction did not create appellate jurisdiction under R.C. 2505.02(B)(4)(b)).

{¶ 25} Just because a party can fashion a claim of harm does not mean it will be deprived of a "meaningful or effective remedy" by waiting to "appeal following final judgment as to all proceedings." (Internal quotation marks deleted and citations omitted.) *Preterm-Cleveland*, 2022-Ohio-4540, at ¶ 26 (1st Dist.). R.C. 2505.02(B)(4)(b) sets a high bar when assessing adequate remedies at the conclusion of litigation. *Jacob v. Youngstown Ohio Hosp. Co.*, 2012-Ohio-1302 (7th Dist.) (doctor's appeal was dismissed after he was terminated from a residency program and denied a preliminary injunction because he had an effective remedy following a final judgment in reinstatement and monetary damages);

*Empower Aviation, L.L.C. v. Butler Cty. Bd. of Commrs.*, 2009-Ohio-6331 (1st Dist.) (company's claim that they will be forced out of business as grounds for having no effective remedy rejected and appeal dismissed).

{¶ 26} The trial court's temporary order does not resolve whether ICMI is permanently removed from management of the facility, nor does it prevent a meaningful final judgment in favor of ICMI. *Ally Bank v. Bey*, 2020-Ohio-5093 (10th Dist.). ICMI's argument is too slender a reed to establish that the trial court's order is uncorrectable following a final judgment as to all proceedings, issues, and claims. *In re Estate of L.P.B.*, 2011-Ohio-4656 (10th Dist.).

{¶ 27} ICMI expressed its concern over the condition of the facility if control is ever returned, but the facility has encountered upkeep and maintenance issues for years. The trial court's "Sword of Damocles" reference reflected its finding that impending disaster was a constant threat to the facility's continued operations. (May 14, 2024 Decision & Entry at 14.) The Fund, which contributed over nine and one-half million dollars as an equity investment, has an obligation to manage the property in a businesslike and lawful manner. ICMI's speculative concern is baseless.

{¶ 28} ICMI has failed to demonstrate that it would not have meaningful and effective relief after final judgment. Therefore, under the facts and circumstances of this case, the requirements set forth in R.C. 2505.02(B)(4) have not been satisfied.

{¶ 29} Accordingly, we find that the preliminary injunction issued by the trial court is not a final, appealable order, and we lack jurisdiction to hear this appeal. *Estate of Brown v. McCall*, 2023-Ohio-780 (10th Dist.).

## V. CONCLUSION

{¶ 30} Based on the foregoing reasons, this appeal is dismissed.

*Appeal dismissed.*

BEATTY BLUNT, J., concurs.
DORRIAN, J., concurs in judgment only.